MEXICAN NATIONAL CONSTRUCTION COMPANY v. E. MEDDLEGGE.

No. 2713.

1. **Misjoinder of Plaintiffs—Torts.**—Suit was brought by Meddlegge against the Mexican National Construction Company for damages caused by defendant making excavations which became a nuisance upon its lands lying between the land of plaintiff and the gulf. The removal of the sand also exposed the premises to floods from the gulf when tides were high. Suit was filed May 17, 1886. September 12, 1888, plaintiff by supplemental petition alleged that on February 29, 1888, defendant sold the railway of the defendant to the Galveston & Western Railway Company, and that the two made some kind of arrangement together for the use of the land upon which the alleged nuisance was made, and that subsequent to the purchase the two companies had continued the nuisance; making the Galveston & Western Railway Company a party defendant. Exceptions were urged to the supplemental petition on ground of misjoinder. On final trial plaintiff recovered $1000 damages against the original defendant, and $500 damages against the Galveston & Western Railway Company. *Held,* the exceptions were well taken for misjoinder of parties and of causes of action.

2. **Same.**—The allegation that the Galveston & Western Railway Company had ratified the acts of its vendor did not make it liable upon the original suit.

3. **Incidents of Land Ownership.**—The general rule is that liability does not arise from the mere exercise of a legal right, though hurt may result from it, if this could not have been avoided except by abandoning the right; from which it seems questionable whether plaintiff would have any right of action for damages for increased danger from the gulf by reason of the removal of a sand bank upon lands of the defendant, whereby such danger was increased.

ERROR from Harris. Tried below before Hon. James Masterson. The opinion states the case.

*Thomas W. Dodd* and *Waul & Walker,* for plaintiff in error.—1. A railway company acquiring a railroad from another corporation not a railroad company can not be held liable for nuisance or damages resulting from the improper use of the lands of such corporation before the purchase of the railroad. The Galveston & Western Railway Company, by the alleged transfer to it of the Narrow Gauge Railroad, on February 29, 1888, did not become liable for the alleged removal of sand and causing stagnant water to accumulate, done by the Mexican National Construction Company at divers dates from May 17, 1884, up to August, 1886, nor for damage caused to plaintiff's premises by overflow in August, 1886, alleged to have been caused by excavations made for sale of sand in the course of trade.

2. The effect of overruling the plea of misjoinder was to place the Galveston & Western Railway Company before the jury as jointly and severally liable for acts done three and one-half years before it had any connection with the Mexican National Construction Company, which was error. Stewart v. Gordon, 65 Texas, 344; Johnson v. Davis, 7 Texas, 173; Cramer v. Hernstadt, 41 Texas, 614.

*S. S. Hansom* and *J. R. Burnett,* for defendant in error.—1.  The court did not err in overruling the exception to that part of plaintiff's petition which sought to recover damages measured by the depreciation of plaintiff's land by excavations creating an alleged nuisance, and further excepting because the petition sought to recover prospective damages for sickness in plaintiff's family anticipated as a result of the excavations. Owens v. Railway, 67 Texas, 679; Railway v. Joachimi, 58 Texas, 461; Railway v. Church, 108 U. S. Rep., 324; Gould on Waters, secs. 416, 417, 421; Mears v. Dole, 135 Mass., 508; Fowle v. Railway, 107 Mass., 352; Conlon v. McGraw, 33 N. W. Rep., 388; Troy v. Railway, 23 N. H., 83; Bank v. Railway, 28 Fed. Rep., 231.

2.  The court did not err in overruling the plea of the Galveston & Western Railway Company which set up the misjoinder of the Galveston & Western Railway Company with the Mexican National Construction Company by supplemental petition, and the court did not err in overruling the Galveston & Western Railway Company's exceptions to said supplemental petition making it a party.   Wood on Nuis., sec. 838; Rogers v. Stewart, 5 Vt., 215; Woodyear v. Schaefer, 57 Md., 1; Beckley v. Skrob, 19 Mo. App., 95.

STAYTON, CHIEF JUSTICE.— Appellee alleges that he owns and resides upon land on Galveston Island, distant from the gulf about one thousand yards, and that between his property and the gulf the Mexican National Construction Company owned, at the time this action was brought, eighty or ninety acres of land, from which it had taken sand and transported the same to the city of Galveston for sale.

That in taking sand from its own land defendant had made deep excavations, which filled with stagnant water and filth, and thereby rendered his home unhealthy.

He further alleged that on the border of the gulf were sand hills formed by natural causes, which operated as a barrier to the waters of the gulf, and that these had been removed by defendant, since which, during storms, waters from the gulf came across defendant's lands and injured his property, as waters aforetime during such storms did not.

It is not claimed, however, that during ordinary tides waters from the gulf reach plaintiff's property.

There is great conflict in the evidence whether plaintiff suffers injury from the cause alleged, and much evidence tending to show that plaintiff's property would suffer such injury as it has received if no sand had been removed from defendant's property.

The action was commenced on May 17, 1886.

On September 12, 1888, plaintiff filed a supplemental petition, in which he alleged that the Galveston & Western Railway Company, a corporation chartered under the laws of this State, on February 29, 1888, purchased

defendant's narrow gauge railroad, known as the Texas-Mexican Railroad, and received some kind of a transfer from defendant for the lots from which sand had been taken, and that since that time the Galveston & Western Railroad Company had continued to take sand from the lots, thereby daily adding to the injury done to his property.

He further alleges that at the time the supplemental petition was filed both corporations were engaged in excavating and hauling sand from near the sea shore, and thus increasing the danger to his property.

There was a prayer that the Galveston & Western Railway Company be made a defendant, "and that on hearing he have judgment against it jointly with the defendant for all damages sustained by him by reason of the premises." There was the further averment that the last named corporation had "fully ratified the previous acts and wrongs of defendant in reference to damaging plaintiff's premises by said excavations," and that in fact that corporation was but "the nominal successor of defendant as the controller and owner of said railroad and as the controller and manager of said work of excavating and hauling sand from said premises, which constitutes its principal business."

There was a demurrer to the joinder of the Galveston & Western Railway Company, which was overruled, and on trial there was a judgment against the defendant for one thousand dollars, and another against the Galveston & Western Railway Company for five hundred dollars, from which both corporations appeal.

The charge of the court made the liability of each corporation to depend on the fact whether its act had subjected plaintiff's land to damage from overflows or liability thereto, made each corporation liable only for injury resulting from its own act, and directed the jury to apportion the damages.

It is too clear that this is not a case in which the Galveston & Western Railway Company, under the averments of plaintiff's pleadings, could become liable by ratification of any act done by the Mexican National Construction Company; nor could it become liable for the acts of the latter company simply from the fact it may have acquired the franchise and property of that company, and thus in a sense become its successor.

If after the Galveston & Western Railway Company purchased the railway and land the two corporations acted together in the commission of any unlawful act injurious to plaintiff, in so far they might have been joined as defendants, but we do not see on what theory it was proper to join them as defendants in reference to matters which occurred before the Galveston & Western Railway Company had any connection with the acts on which it is evident plaintiff's action is mainly based.

There is an inconsistency in the charge of the court and in the ruling on the demurrer which set up the misjoinder of parties.

The charge made each corporation liable only for its own acts, which,

if proper, presents just such a case as would deny the right to join both corporations in one action.

It may be, however, that it was thought the pleadings authorized the joinder, but that the court was of the opinion that the evidence did not show any joint liability.

We are of the opinion that neither the pleadings nor evidence authorized the joinder of the two corporations, and that the demurrer ought to have been sustained; and this is true even if a cause of action arose after February 29, 1888, in which both corporations might properly have been joined.

As the case was presented, it would have been impossible for the jury to have determined what injury, if any, resulted to appellee from the act of each corporation.

The ruling of the court below on the demurrer of the Galveston & Western Railway Company will require a reversal of the judgment, and for this reason it will be unnecessary to consider other assignments of error.

We deem it proper, however, to say that the petition sets up a cause of action, in so far as it alleges a nuisance caused by improper or negligent use of its own property by the Mexican National Construction Company, from which injury results to plaintiff.

There is a question in the case, however, which has not been directly presented or argued, that may become of vital importance in the final disposition of the cause, in reference to which we do not now deem it proper to express any opinion.

If, as alleged, all the acts of the Mexican National Construction Company were done on its own land, then, if done in a careful manner, is it liable for any injury resulting to plaintiff from overflows caused by storms, whether usual or unusual?

The general rule is that liability does not arise from the mere exercise of a legal right, though hurt may result from it, if this could not have been avoided except by abandoning the right.

Has plaintiff the right to have the land between his own and the gulf remain in its natural·state in order to protect his own, though its most valuable use may be that to which defendant is alleged to have applied it?

Without passing on these questions, the judgment of the court below will be reversed for the ruling before referred to, and the cause remanded.

*Reversed and remanded.*

Delivered January 21, 1890.