OTTO W. KAATZ *vs.* PHILIP J. CURTIS & another.

Essex.     March 24, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Equity Pleading and Practice,* Appeal.  *Deed.   Devise and Legacy.   Way,* Private.

On an appeal from a final decree in a suit in equity, where the only question before this court is whether the decree is within the scope of the bill and is supported by the facts found by the master, a statement of facts agreed upon by the counsel in the case can be considered only so far as it appears to embody the evidence that was before the judge who made the decree appealed from.

In a suit in equity to establish a certain private way as designated upon a certain plan recorded in the registry of deeds, it appeared that the previous owner of the land of both the plaintiff and the defendant died, leaving a will by which he devised to the defendant the defendant's lot of land, bounding it upon the private way as shown on the plan in question, which was referred to by name and date and by the volume and page of its recording in the registry of deeds, and that the executor of the will of such common owner of the land under a license from the Probate Court conveyed to the plaintiff the plaintiff's lot of land, bounding it on the same private way as shown on the same plan referred to in the same manner. The private way as designated on the plan passed over land occupied in part by barns of the defendant. *Held,* that the plan referred to in the devise to the defendant and in the deed to the plaintiff was incorporated in each as a

---

part of the devise and conveyance so far as applicable thereto, and that the defendant as against the plaintiff was bound by the location of the way thus defined.

One who has a right of way over a private street adjoining his land has a right to the use of the surface for the usual purposes of such a way and a right to enter upon it and prepare it for that use.

BILL IN EQUITY, filed in the Superior Court on December 5, 1911, by the owner of certain real estate in Lawrence, adjoining an alleged private way called John Street, against the owner and the husband of the owner of a lot of land also adjoining such private way, praying that John Street as shown on the plan mentioned in the opinion might be established as a private way, and that the defendants might be enjoined from interfering with the grading and levelling and the free use of John Street by the plaintiff.

The case was referred to Frederic N. Chandler, Esquire, as master. He found that the whole question at issue between the parties was in regard to the correct location of the street called John Street, which never had been accepted by the city of Lawrence or laid out by any proper authority as a public street or way; "that the location of John Street as at present used entirely clears the barns upon the land occupied by the defendants, which land and buildings were devised to Christine Hanson, now the wife of defendant Philip J. Curtis, and that John Street as it runs now and as it is asserted by the defendants it ought to run, runs across a portion of the land conveyed to the plaintiff by the deed [mentioned in the opinion], and as the location of John Street as shown on the plan recorded in said book 244, is impassable by reason of the knoll and buildings of the defendants above referred to, a certain amount of travel crosses the plaintiff's said land as described in said deed. . . . And I find that such travel has not however, from the evidence, ripened into a right of way or easement in favor of any particular person or persons, but there is evidence to show that John Street as at present located has been used by pedestrains and vehicles for a space of twenty years or more."

The findings of the master in regard to the lots of land of the plaintiff and of the defendant Christine Curtis and the descriptions of those lots respectively in the deed to the plaintiff and the devise to that defendant, each with a reference to the plan of

"Lots at Cottage Park belonging to John Colby," recorded in the registry of deeds for the North District of Essex in book 244, page 600, are stated in the opinion.

The case was heard by *Hardy*, J. He made a final decree that the exceptions of the plaintiff and of the defendants to the master's report be overruled; that the master's report be confirmed; that John Street "as shown on a plan of lots at Cottage Park, belonging to John Colby, recorded April 18, 1907, with North District of Essex Deeds, book 244, page 600, be and hereby is established as a private way;" that the defendants are enjoined from in any way obstructing or interfering with the plaintiff's free use of John Street as thus established, and from interfering with or obstructing the plaintiff or his agents and servants in opening, grading, or in any way making passable for vehicles said John Street as shown aforesaid, or enclosing with a proper fence or wall the lots of land numbered 150 and 161 on said plan of lots recorded as aforesaid; that the defendants are ordered to remove from the limits of the way thus established any buildings that they are now maintaining thereon within a period of sixty days from the entry of this decree; and that the plaintiff recover of the defendants his costs, to be taxed as in actions at common law, and that execution issue therefor. The defendants appealed from the decree.

*W. S. Knox*, for the defendants.

*I. W. Sargent*, for the plaintiff, was not called upon.

DE COURCY, J. The only question before us on this appeal from the final decree is whether the decree is within the scope of the bill and is supported by the facts found by the master. *E. W. Burt & Co.* v. *Coes & Young Co.* 212 Mass. 134. The record is not clear. The testimony of certain witnesses, referred to in the master's report as being annexed thereto, is not in fact printed; and the same is true of some of the exhibits in the case. We can consider the printed statement of facts agreed upon by counsel only so far as it appears to embody the evidence that was before the judge whose decree is appealed from. *Robinson* v. *Brown*, 182 Mass. 266. There were objections to the master's report, but so far as appears in the record no exceptions were filed.

The master finds the following facts: One John Colby was the owner of a large tract of land in Lawrence and attempted to dispose of it in small parcels or building lots. At different times he

made plans of all and of portions of the tract, and recorded some of them. Colby died on October 22, 1908. By his last will he devised to Christine Hanson (now Christine Curtis, and herein called the defendant), "two lots of land with buildings thereon situated at the corner of Ferry and East Pleasant Street also bounded on John Street, said lots being lots 'A' and 'B' on a plan of 'Lots at Cottage Park belonging to John Colby,' dated April, 1903, and recorded in the Registry of Deeds for the Northern District of Essex, Book 244, Page 600." The executor of Colby's will, under a license obtained from the Probate Court, by deed dated January 3, 1911, conveyed to the plaintiff "lots 150 and 161 on 'Plan of Lots at Cottage Park belonging to John Colby' which said plan being [*sic*] recorded in the Registry of Deeds for the North District of Essex, book 244, page 600. Lots 150 and 161 are bounded and described as follows: southerly by John Street one hundred sixty (160) feet; westerly by East Pleasant Street forty (40) feet; northerly by land of parties unknown one hundred sixty (160) feet; and easterly by Midland Street forty (40) feet." The master's report specifically states: "I find that both the plaintiff and the defendants took title according to the description contained in the plan recorded in book 244."

By a well settled rule of construction the plan referred to became incorporated in the deed to the plaintiff and in the devise to the defendant; and the particulars appearing thereon and applicable to these lots are to be regarded as if fully set forth in the instruments under which they respectively derive title. As between these parties the location and dimensions of the private way designated John Street is fixed by the plan. Each owns the soil thereof opposite his land to the centre of the way, with a right of way over the other half. *Morgan* v. *Moore*, 3 Gray, 319. *Farnsworth* v. *Taylor*, 9 Gray, 162. *Boston Water Power Co.* v. *Boston*, 127 Mass. 374. *McKenzie* v. *Gleason*, 184 Mass. 452. *New England Structural Co.* v. *Everett Distilling Co.* 189 Mass. 145. *Gould* v. *Wagner*, 196 Mass. 270. *Downey* v. *H. P. Hood & Sons*, 203 Mass. 4. As Colby, the owner of the entire tract, saw fit to define John Street on this plan as running through land occupied in part by his barns, the defendant who succeeds to his title is estopped, as against this plaintiff, from denying the location of the way so established.

The defendant's contention that the street as now used, encroaching upon the land of the plaintiff, has been substituted as a public way by prescription for the private way defined by the plan, is disposed of by the finding of the master that the travel thereon has not ripened into a right of way or easement. In the absence of the evidence we cannot say that this finding is wrong. As John Street is not a public but merely a private way, the plaintiff has a right to the use of the surface for the usual purposes of such a way and a right to enter upon and prepare it for that use. See *Atkins* v. *Bordman,* 2 Met. 457, 467.

*Decree affirmed.*