HANNAH H. DRAPER *vs.* JOHN VARNERIN.

Suffolk.    December 8, 1914. — December 31, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, & DE COURCY, JJ.

*Way,* Private.    *Easement,* Extent of.

Where the separate owners of two lots of land, with a strip of land ten feet wide owned in common by them lying between the two lots, established by agreement a right of way to be used in common over the whole strip and one of the owners with the consent of the other constructed a way over the whole strip for their common use, a successor in title of the other owner has no right to change the grade of any part of the way, and if he digs away the land on his side of the strip so as to leave the level of one half of the way a number of feet below the other half, he can be restrained in a suit in equity brought by the other owner from making any further encroachments on the way and can be ordered to restore the way in so far as possible to its original condition.

BILL IN EQUITY, filed in the Superior Court on April 9, 1914, alleging that the plaintiff was the owner of a parcel of land with a dwelling house thereon numbered 78 on Bower Street in the part of Boston called Roxbury, that on the southwesterly side of the plaintiff's lot was a passageway ten feet wide, of which the plaintiff owned in fee an undivided half interest, and over the whole surface of which the plaintiff had a right of way, that the defendant owned the other undivided half in the fee of the passageway and also had a right of way over its surface, that the land of the defendant adjoining the passageway was eleven feet lower

in grade than the land of the plaintiff and that the defendant had excavated the half of the passageway adjoining his land to the depth of eleven feet, thus obstructing the way and rendering it unsafe and unfit for travel and had removed the lateral support of the remaining portion of the passageway, in consequence of which the entire strip of ten feet of land by the action of the elements was being washed away and reduced to the level of the adjoining land of the defendant, and that the house numbered 78 Bower Street was let by the plaintiff to various tenants whose only access to Bower Street was by passing over the passageway in question; praying that the defendant might be restrained from interfering further with the passageway and that he might be ordered to restore the excavated portion and to construct a proper retaining wall to hold the soil of the passageway in position, and for damages.

The defendant in his answer alleged that whatever he had done to the passageway was done by way of constructing it in accordance with an indenture between the plaintiff and the defendant's predecessor in title by reducing its grade to a reasonable one which was the same as that of Bower Street to which it gave access. The defendant also filed a cross bill.

The defendant was the successor in title of one Arthur Binney, to all of whose rights and obligations he had succeeded. A copy of the indenture referred to above was annexed to the bill. Omitting the attestation clause and the signatures, it was as follows: "This indenture made this first day of June, A. D. 1889 by and between Arthur Binney and Hannah H. Draper, both of Boston in the County of Suffolk and Commonwealth of Massachusetts, witnesseth; That, whereas, the said Arthur Binney and Hannah H. Draper are owners as tenants in common of a certain strip or parcel of land situated on the southwesterly side of Bower Street in that portion of Boston formerly Roxbury, said parcel of land having a frontage of ten feet on said street and a depth of ninety-seven feet, for a full description of said parcel of land reference may be had to deed of said Arthur Binney to said Hannah H. Draper of even date herewith and to be recorded with Suffolk deeds; and, whereas, the said Arthur Binney and Hannah H. Draper propose to use said strip of land as a passage-way, from said Bower Street to the lands adjoining said strip, they do hereby

covenant and agree each with the other for themselves, their heirs and assigns that the whole of said strip of land shall be forever kept open as a passage-way, as aforesaid, to be used in common by the said parties to this agreement, their heirs and assigns forever. It being mutually understood and agreed that the cost of constructing said passage-way and keeping the same in repair shall be shared equally by the parties to this agreement, their heirs and assigns."

The case was heard by *Wait*, J., who made the following memorandum of decision:

"Mrs. Draper and Arthur Binney made an agreement, a copy of which is annexed to the bill, with regard to the use of a strip of nine hundred and seventy square feet owned by them in common. Shortly thereafter Mrs. Draper, in connection with building upon her land, prepared the surface of the strip for use. The natural grade of the land made its use, as so laid out, impossible for teams, owing to its height above Bower Street. To use the way for teams requires that it be cut down. Such change of grade would be advisable, though it would involve placing Mrs. Draper's houses in such a position that they would need further support.

"Varnerin, who holds through mesne conveyances from Binney, cut down his land, and proposed to grade the passageway so that teams could reach the rear part of it. His use of his premises was a reasonable and proper one. The changes desired by him are reasonable, and without change of grade in the passageway it will now be practically impossible for Varnerin to derive any benefit whatsoever from his ownership in the nine hundred and seventy square feet strip.

"I find that the plaintiff constructed the passageway in question under the provisions of the agreement, and that the natural grade of the premises was somewhat changed at that time, in order to render the strip serviceable as a way to the plaintiff's houses.

"The surface has never been graded with a view to a use of the passageway most beneficial for the premises of the defendant.

"Against the protest of the plaintiff, the defendant has dug away earth in the passageway and intended to change very materially the grade of the way, both natural and as constructed by the plaintiff.

"Under the law as laid down in *Killion* v. *Kelley*, 120 Mass. 47, I feel constrained to order the cross bill dismissed, and a decree for the plaintiff on the original bill restraining encroachment, and requiring the return of the premises to the condition existing before the acts of the defendant, as nearly as may be."

By order of the judge a final decree was entered ordering that the cross bill be dismissed; that the defendant to the original bill be restrained from making or permitting to be made any further encroachment upon the passageway described in the bill; that the defendant be ordered to restore the passageway, as nearly as might be, to the condition in which it existed before the excavation made by him, such restoration to take place on or before August 20, 1914; that, if it should become necessary for the defendant to construct a retaining wall, such retaining wall should be constructed in a good and workmanlike manner and of sufficient thickness, not less than twenty inches at the base, to withstand all pressure reasonably to be expected to be exerted against it; that it might be placed entirely on the ten foot strip, provided it should not be so placed or constructed as to interfere with or obstruct the use of the entire ten foot strip as a passageway; and that all reasonable care and precaution should be used in the construction of such retaining wall to avoid unnecessary delay and unnecessary injury to the plaintiff's property and to her pipes in the ten foot strip.

Varnerin, as the defendant in the original suit and as the plaintiff in the cross suit, appealed from the final decree.

The case was submitted on briefs.

*G. E. Curry*, for the defendant.

*H. C. Dunbar*, for the plaintiff.

BRALEY, J. The excavations and changes in grade which the defendant has made in the way, where he had only an easement of passage and the right to make reasonable repairs, having altered to the plaintiff's injury and damage the way as constructed by her with the consent of the defendant's predecessor in title, the cross bill was properly dismissed, and the decree restraining any further encroachments and ordering the defendant to restore the way in so far as possible to its original condition should be affirmed with costs. *Killion* v. *Kelley*, 120 Mass. 47. *Lipsky* v. *Heller*, 199 Mass. 310. *Cornell-Andrews Smelting Co.* v. *Boston & Providence*

*Railroad*, 202 Mass. 585. *Kaatz* v. *Curtis*, 215 Mass. 311. *Downey* v. *H. P. Hood & Sons*, 203 Mass. 4, 11. *Szathmary* v. *Boston & Albany Railroad*, 214 Mass. 42.

*Ordered accordingly.*