ROBERT OLIVER *vs.* SAMUEL KALICK & another.

Middlesex.    January 14, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, CROSBY, & PIERCE, JJ.

*Equitable Restrictions.*

An owner of a tract of land sold it in lots laid out upon a plan, recorded in the registry of deeds, and conveyed the lots by deeds referring to the plan and imposing restrictions for the benefit of all the lots in accordance with a general scheme. The lots fronted on a street called Central Avenue and on a number of cross streets, each leading from Central Avenue. One of the cross streets was called Chestnut Avenue. Upon the plan there was marked a line at each side of each of the cross streets passing across all the lots fifteen feet back from the street and marked "Building line." A similar line was marked across the lots fronting on Central Avenue, which also was fifteen feet back from that street but was not marked with the words "Building line." A lot at the corner of Central Avenue and Chestnut Avenue, which was the first lot conveyed, was conveyed to a predecessor in title of its present owner. by a deed referring to the plan and containing the words, "This deed is conveyed subject to restrictions that no buildings shall be placed within fifteen feet of said Central Ave.," and the owner of this lot contended that the building restriction upon it was limited to Central Avenue, and proceeded to erect a building which extended to the street line of Chestnut Avenue. The owner of the next lot but one on Chestnut Avenue, whose deed contained a restriction that, "All buildings shall be set back at least 15 feet from Chestnut Avenue," brought a suit in equity against the owner of the corner lot to enjoin him from building within fifteen feet of Chestnut Avenue. *Held,* that in determining what was the restriction upon the defendant's land the language of the deed and the plan must be considered together, and that the defendant was bound by the building line marked on the plan which required a set back of fifteen feet on Chestnut Avenue as well as a like set back on Central Avenue.

CROSBY, J.    In 1908 one McCormack, who was the owner of a tract of land in Medford, caused it to be surveyed and divided into house lots. A plan * designated.the lots by numbers with a proposed street called Central Avenue extending along the northerly end of the tract and six other proposed streets running north and south across it. The plan was duly recorded in the registry of

---

* A copy of the material part of this plan is printed on page 253, in which, for the sake of simplicity, the numbers showing the dimensions of the lots are omitted. This copy shows parts of two of the six proposed streets leading from Central Avenue.

deeds. One of the cross streets is shown on the plan as Chestnut Avenue, but is now called Kenmore Road.

The defendants by mesne conveyances from McCormack are the owners of Lot 129 situated on the westerly side of Chestnut Avenue at the corner of Central Avenue. The plaintiff by mesne conveyances from McCormack is the owner of Lot 131 situated on the westerly side of Chestnut Avenue, Lot 130 being between the lot of the plaintiff and that of the defendant.

By a deed dated June 6, 1908, McCormack conveyed Lot 129 to John J. Dunn, the latter being a predecessor in title of the defendant. This was the first conveyance made by McCormack of any of the lots. This conveyance contains the following: "This deed is conveyed subject to restrictions that no buildings shall be placed within fifteen feet of said Central Ave." A deed from McCormack to George H. Loan, a predecessor in title of the plaintiff, is dated April 13, 1910, and besides other restrictions provides that "All buildings shall be set back at least 15 feet from

Chestnut Avenue." All the deeds under which the plaintiff and the defendants respectively claim title were duly recorded. The plan shows a line extending across the front of all the lots on each side of Chestnut Avenue fifteen feet inside the street lines. Each of these lines is marked on the plan "Building line." Similar building lines appear upon the plan on the lots shown on all the other streets which run north and south. On the south side of Central Avenue a similar line runs across all the lots, but the words "Building line" do not appear. All the deeds under which both parties derive title refer to the plan, and the lots so conveyed are described, not only by number, but are bounded by the adjacent lots. The plan with the deed in each case describes the land conveyed. As was said by this court in *Downey* v. *H. P. Hood & Sons,* 203 Mass. 4, at page 10, "The plan formed a part of the contract of sale, not only for the purpose of ascertaining the lot conveyed, but including the description of the appurtenant rights which were intended to attach. These particulars were incorporated by reference in each deed, as if they had been recited at length."

The defendants, at the time the bill in this cause was filed, were proceeding to erect a building on Lot 129, the easterly wall of which they had placed or were intending to place on the west line of Chestnut Avenue. They contend that the building restriction upon their lot is limited to Central Avenue.

On the other hand, the plaintiff contends that Lot 129 is subject to an equitable restriction that no building shall be erected within fifteen feet of either avenue.

We think it is plain that, when this tract was divided into building lots and a building line was established creating uniform restrictions applying to all the lots, a general scheme was intended for the benefit of all grantees and that such restrictions may be enforced in equity by each grantee for himself against the others. *Evans* v. *Foss,* 194 Mass. 513. The fact that in the deed from McCormack to Loan there are other restrictions besides that of the set back of fifteen feet from Chestnut Avenue is not inconsistent with the general scheme of the grantor. *Hano* v. *Bigelow,* 155 Mass. 341. *Bacon* v. *Sandberg,* 179 Mass. 396.

The defendants also contend that as the deed from McCormack to Dunn under which they claim title does not expressly refer to any building restriction on Chestnut Avenue, the reference to the

plan is not sufficient to create it. We cannot agree with this contention. The deed and the plan are to be considered together and that construction will be adopted which seems to be in accord with the intention of the parties as thereby expressed. *Bacon* v. *Sandberg*, 179 Mass. 396. The case of *American Unitarian Association* v. *Minot*, 185 Mass. 589, cited and relied on by the defendants, does not support their contention. In that case the clause in the deed in question provided that "the front line of the house to be built on the lot thereby granted shall be set back from the northerly line of Beacon Street as marked and layed down on said plan." A line upon the plan was marked "Front line of buildings." The precise point decided in that case was that as a matter of construction, the restriction created did not go beyond the house which should be first built. In that case this court said: "If the plan imports more than the deed, the provisions of the clause of the deed creating the restriction in which the parties have undertaken to define the extent of it must prevail over the characterization of the line on the plan referred to in the deed." In other words, if the language of the deed is clearly inconsistent with the plan, the former undoubtedly would govern. In the case at bar we do not construe the deed as necessarily inconsistent with the plan, but in entire accord with it. They are to be construed together. *Downey* v. *H. P. Hood & Sons, supra. Lipsky* v. *Heller*, 199 Mass. 310. *Sprague* v. *Kimball*, 213 Mass. 380, 383. *Kaatz* v. *Curtis*, 215 Mass. 311, 314. That the plan shows a building line on Central Avenue and Chestnut Avenue cannot be questioned. This line is marked "Building Line" on Chestnut Avenue. Why the line on Central Avenue was not similarly designated does not appear. It may be that it was not so marked because the line as drawn on the plan could not cross the intersecting streets. The deed under which the defendants claim, after referring to the plan, expressly states that the lot is subject to the restriction on Central Avenue. We are of opinion that such reference was so made to render it certain that the conveyance was subject to the restriction in the absence of words to that effect appearing on the plan and that such reference was not intended to exclude the restriction on Chestnut Avenue. It is apparent that the deed from McCormack to Dunn was drawn by a person unskilled in conveyancing. Where as here the whole tract was laid out with the evident intention of making

the restrictive building line apply to lots on both streets, it is not to be inferred in the absence of clear and positive evidence that the restriction on Chestnut Avenue was intended to be abandoned when the first lot was sold.  There is no express language in the deed under which the defendants claim title indicative of such a purpose and we do not think it can be inferred because the restriction on Central Avenue was mentioned.  It would seem plain that as the building line on the latter street was not so designated on the plan by specific words that the reference to it in the deed was for the purpose of supplying such omission rather than to relieve the lot conveyed of any restriction on Chestnut Avenue.  This construction is not inconsistent with  the language of the deed, but is in accord with it when considered in connection with the plan and is in harmony with the general scheme of the grantor for the improvement and development of the tract as a whole.  We do not think that the decision in the *American Unitarian Association* v. *Minot, supra,* is inconsistent with the conclusion reached in the case at bar.

The defendants had constructive if not actual notice of the restriction to which their lot was subject before the acts complained of were committed by them.  The presiding judge * has rightly found that the plaintiff has not been guilty of laches and we see no reason why he is not entitled to the relief which he seeks.

The decree of the Superior Court must be reversed and a decree with costs entered granting an injunction commanding the removal of the building or any other obstruction upon the lot within fifteen feet of the westerly line of Chestnut Avenue.

*So ordered.*

*G. C. Scott,* for the plaintiff.
*F. P. Garland,* for the defendants.

---

* *Wait,* J.  He made a final decree that the bill be dismissed; and the plaintiff appealed.