Rosa Lagorio *vs.* Milton Lewenberg.

Suffolk.  December 6, 1916. — April 28, 1917.

Present: Rugg, C. J., Loring, Crosby, Pierce, & Carroll, JJ.

*Way,* Private.  *Deed.  Evidence,* Competency, Extrinsic affecting writings.

In a suit in equity to establish the plaintiff's right to a private way and to enjoin the defendant from interfering with it, it appeared that the defendant had owned a tract of land which he had divided into lots, making and recording in the registry of deeds a plan showing the lots, which had delineated upon it a strip eight feet wide adjacent to the lots, marked "Right of Way," that the defendant had conveyed one of the lots to one who conveyed it to the plaintiff, both deeds stating that the land conveyed was "shown on" the plan, describing it and referring to the book and page where it was recorded, but neither of them containing any reference in words to a right of way. *Held,* that the plan was incorporated into the deeds by reference, and that the right of way therein described became appurtenant to the premises conveyed as clearly as if specifically mentioned in the deeds.

The mere fact that, during a year and nine months which elapsed after the plan above described was recorded and before the deed to the plaintiff, no tenant of any of the lots shown thereon, which had been built up in one story stores, had used the way in question, was not evidence that the way had been abandoned.

The admission, at the hearing of the suit above described, of evidence that before the conveyance to the plaintiff's predecessor in title the defendant had conveyed the premises by a mortgage, which had contained a specific conveyance of the right of way and which, it was stated in both the deed to the plaintiff and to his predecessor in title, the title there conveyed was subject to, was not harmful to the defendant even if erroneous, because the plaintiff's title to the right of way was independent of the reference in the mortgage.

At the same trial it was proper to exclude evidence tending to show that, when the defendant made the conveyance to the plaintiff's predecessor in title, he stated that he was not conveying the right of way and that such predecessor in title bought with full knowledge that he was not acquiring such right, because there was no evidence of any knowledge on the plaintiff's part, outside of his deed, of what took place between his predecessor in title and the defendant.

It also was right, since the plaintiff's title was governed by the deed he received, to exclude evidence tending to show that when the plaintiff acquired the land there was no knowledge or expectation on his part that he was acquiring the right of way in question.

Bill in equity, filed in the Superior Court on February 12, 1916, seeking to establish the right of way described in the opinion

and to have the defendant restrained from interfering with the plaintiff's rights thereto.

The suit was heard by *McLaughlin*, J., a commissioner having been appointed under Equity Rule 35 to take the testimony. The material evidence is described in the opinion. A final decree for the plaintiff was entered by order of the judge; and the defendant appealed.

*H. T. Richardson*, for the defendant, submitted a brief.

*J. P. Richardson*, for the plaintiff.

. CARROLL, J.   The defendant owned a tract of land on Blue Hill Avenue in that part of Boston called Dorchester, upon a portion of which he had built a block of one story stores.   In February, 1911, he caused a plan of the entire premises to be made and recorded in the Suffolk Registry of Deeds.   The plan showed an eight foot strip of land in the rear of the block, and on the north side a right of way eight feet wide.   At this time he gave a mortgage to the Attleborough Savings Bank, upon that part of the tract on which the block stood with the eight foot strip in the rear — the premises now owned by the plaintiff and shown on the plan as "Lot 69A."   The mortgage contained this clause at the end of the description: "with a right of way eight (8) feet wide over said remaining portion of Lot 69, being the northerly side line of the premises herein conveyed, and being shown on a plan of land in Dorchester by S. L. Leftovith, Surveyor, dated February 1911, and to be recorded herewith." December 14, 1911, the defendant conveyed to Annie S. Levenson the land on which the block was erected with the eight-foot strip in the rear, the description by metes and bounds corresponding with that in the mortgage, reference being made to the plan, "and being shown on a plan of land in Dorchester by S. L. Leftovith, Surveyor, dated February 1911, and recorded with Suffolk Deeds, Book 3523, Page 262."   November, 1913, Levenson conveyed the same premises to the plaintiff, the description corresponding in all respects to that in the deed from the defendant to said Levenson.   The premises were conveyed subject to the mortgage which has now been discharged.   The plaintiff claims a right of way over the eight foot strip of land, on the north of her line, marked "Right of Way" on the plan, as an appurtenance to her premises.   In the Superior Court a decree was entered for

the plaintiff. After the mortgage was given and before the conveyance to Levenson, the defendant built upon the remaining portion of his property a garage, and the strip of land marked on the plan "Right of Way" became a covered passageway; at the same time he built, in the rear of the stores on the land subsequently conveyed to Levenson and near the northerly end of the eight foot strip, two wooden gates or doors.

Although neither in the deed from the defendant to Levenson, nor in the deed from Levenson to the plaintiff, was reference made in words to the right of way, each deed referred to the plan and mentioned the land conveyed, as that shown on the plan. The plan, therefore, became a part of the contract of the parties and by this reference became incorporated into the deed and described the rights intended to be conveyed. A right of way was shown on the plan and it became appurtenant to the premises conveyed as clearly as if mentioned in the deed. *Farnsworth* v. *Taylor,* 9 Gray, 162. *Rodgers* v. *Parker,* 9 Gray, 445. *Flagg* v. *Phillips,* 201 Mass. 216. *Downey* v. *H. P. Hood & Sons,* 203 Mass. 4. *Kaatz* v. *Curtis,* 215 Mass. 311. *Oliver* v. *Kalick,* 223 Mass. 252.

"It [the plan] must be considered as making a part of the contract in each case, so far as is necessary to aid in the identification of the lots, and the description of the rights intended to be conveyed. All the particulars appearing on the plan and applicable to these lots are to be regarded as if they had been fully set forth in the deeds." *Boston Water Power Co.* v. *Boston,* 127 Mass. 374, 376. *Downey* v. *H. P. Hood & Sons,* 203 Mass. 4, 10. It follows that the plaintiff has a right of way over this strip, and the decree of the Superior Court must be affirmed.

The defendant offered to show that no tenant of the stores had ever used this right of way. The judge was right in excluding this evidence. It did not show an abandonment; at most, it was merely some evidence of a non-user for a comparatively short period of time and the right of way created by deed was not lost by mere non-user. *Willets* v. *Langhaar,* 212 Mass. 573, 575. *Parsons* v. *New York, New Haven, & Hartford Railroad,* 216 Mass. 269, 272.

The defendant excepted to the evidence of the mortgage from the defendant to the bank. Even if there were error in admitting this evidence no harm was done the defendant. The rights of the

plaintiff did not depend upon the mortgage, but upon the deed which referred to the recorded plan showing a right of way. See *Lipsky* v. *Heller*, 199 Mass. 310, 315.

The defendant also offered to show that, when he conveyed to Levenson, he refused to sign the deed conveying to her the right to use the way, and stated to her that he was not conveying any right of way; that she bought with full knowledge she was not acquiring such right. This evidence was excluded, the defendant excepting. There was no evidence of knowledge on the part of the plaintiff of what was said between Levenson and the defendant, the plaintiff's title could not be taken away or impaired by this conversation.

The defendant offered to show "that when Levenson (then Kaplin) sold said land to the plaintiff, the plaintiff was not informed, and had no reason to suppose that she was then acquiring this right of way . . .; that when the plaintiff acquired the land, she acquired it by the deed in evidence, and with no statement, knowledge or expectation that she was acquiring the right of way she now claims." This offer was rightly excluded. The plaintiff's title is governed by the written instrument. The information given her by her grantor or the failure to give any information, is not material. *Sargent* v. *Leonardi*, 223 Mass. 556, 558.

*Decree affirmed.*