MARILDA GUILLET *vs.* JULES LIVERNOIS.

OMER L. PERRON & another *vs.* SAME.

ANNA M. PERRON *vs.* SAME.

Worcester.   January 25, 1937. — May 26, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Way,* Private: extent of easement, construction.

An abutter, having a right of way over an unwrought, impassable private street without a natural grade, could make it usable on a reasonable grade throughout its entire length and width although thereby the natural drainage of other abutting lots was interfered with; and in constructing the street could remove encroachments and install a sidewalk.

THREE BILLS IN EQUITY, filed in the Superior Court on August 6 and 16 and September 18, 1935, respectively.

After confirmation of the report of a master, decrees described in the opinion were entered by order of *Whiting,* J. The plaintiffs appealed.

The cases were submitted on briefs.

*F. P. McKeon* & *A. St. Onge,* for the plaintiffs.

*E. A. Brodeur & H. J. Tetreault,* for the defendant.

LUMMUS, J.   Since 1925 the plaintiff Guillet has owned
a house and lot of land in Southbridge, bounding westerly
on Marcy Street and northerly one hundred twenty feet
on a proposed street called Lincoln Street.   On the oppo-
site side of Lincoln Street, the plaintiffs Omer L. Perron
and Anna M. Perron, husband and wife, have owned since
1925 a house and lot of land, bounding westerly on Marcy
Street and southerly one hundred twenty feet on Lincoln
Street.   Since 1928 Anna M. Perron has owned a vacant
lot on the northerly side of Lincoln Street, bounding westerly
on the lot owned by her and her husband.   Since 1930 the
defendant has owned a lot on the southerly side of Lincoln
Street, bounding westerly on the Guillet lot.   Lincoln
Street is thirty-five feet wide, and all parties have rights of
way over it from their lands to Marcy Street.   Guillet and
the Perrons own the soil of Lincoln Street to the center of
the street opposite their lots, but Anna M. Perron owns the
entire soil of the street opposite her lot and that of the
defendant, while the defendant owns no part of the soil
of the street.

Prior to 1925 Lincoln Street was wholly unwrought and
impassable for vehicles.   Its level for about one hundred
twenty feet easterly from Marcy Street was considerably
lower than that of Marcy Street, and its surface was rough,
soft and wet.   The Perrons in 1925 filled in a part of Lincoln
Street and made a tar driveway ten feet wide within the
limits of Lincoln Street from Marcy Street to the rear of their
lot.   They also extended their lawn southerly into Lincoln
Street to a width of eight feet for a length of seventy feet,
and on the easterly end of the extended lawn built a retain-
ing wall about three and one half feet high, within the limits
of Lincoln Street.   The plaintiff Guillet as early as 1925
likewise extended her lawn northerly into Lincoln Street,
and built a similar retaining wall at the easterly end of the
extended lawn, within the limits of Lincoln Street.   Trees,
some of them six or seven years old, are growing in these
lawns.   The lowest point in the natural surface of Lincoln
Street was opposite the easterly end of the lots of Guillet and

the Perrons, where the surface was seven feet below the level of Marcy Street. From that point, going eastward, there was an abrupt rise, opposite the lots of Anna M. Perron and the defendant, to a point five feet above the level of Marcy Street. The land sloped down from the lot of Anna M. Perron southerly across Lincoln Street and the lot of the defendant. In its natural state Lincoln Street afforded no access by vehicles to the defendant's lot.

When in the summer of 1934 the defendant built a house on his lot, he built at a level lower than the natural level of his lot at Lincoln Street. To obtain access to his lot, he cut down the level of Lincoln Street in front of it. He claimed the right to make Lincoln Street passable and usable as a way from his easterly line to Marcy Street for its entire width of thirty-five feet. He has decided to accept as the proper grade of Lincoln Street the grade of the driveway built by the Perrons. He has removed the turf from that part of the Guillet lawn which is within the limits of Lincoln Street, has taken down the retaining wall, and has made the surface conform in height to the driveway built by the Perrons. He proposes to remedy in like manner the encroachment of the lawn and retaining wall of the Perrons. He has filled in the low spot in Lincoln Street opposite the easterly end of the lots of Guillet and the Perrons. He proposes to build a granolithic sidewalk, four feet in width, along the southerly side of Lincoln Street, from Marcy Street.

The result of these changes, beyond what has already appeared, is that the natural drainage from the lot of the Perrons southerly over Lincoln Street has been stopped, and that the easterly end of the lot of Anna M. Perron has been left about five feet above the street, without any retaining wall.

The foregoing facts appeared in a master's report which was confirmed. The bills, which sought to enjoin the defendant from doing further work in the street and to compel him to restore the street to its former condition, were dismissed with costs, without prejudice to an action by the defendant against the Perrons for obstructing the way;

except that in the case brought by Anna M. Perron the defendant was "permanently enjoined from unreasonably changing the grade of the way abutting and adjacent to the premises of the plaintiff, having due regard to the elevation of the lands of the parties adjoining the way and the grade of the way when constructed or making it less convenient and useless [*sic*] to any appreciable extent as a way to any one who has an equal right in said way," with costs to the plaintiff. The several plaintiffs appealed.

Lincoln Street is the only means of access to the defendant's house and lot. It was shown as a street thirty-five feet wide on plans referred to in the deeds of the parties, and was mentioned in the description in the deed to the defendant in these words: "Together with a right of way in common with others over said right of way leading from said Marcy Street, 35 feet in width as laid out." The defendant has a right of travel over its whole width. *Farnsworth* v. *Taylor*, 9 Gray, 162. *Tudor Ice Co.* v. *Cunningham*, 8 Allen, 139. *Gray* v. *Kelley*, 194 Mass. 533, 535. *Carter* v. *Sullivan*, 281 Mass. 217, 223. *Rotch* v. *Livingston*, 91 Maine, 461.

He has also, we think, the right to make Lincoln Street passable and usable for its entire width, having due regard to the rights and interests of others. This follows from the general principle that "when an easement or other property right is created, every right necessary for its enjoyment is included by implication." *Sullivan* v. *Donohoe*, 287 Mass. 265, 267. *White* v. *Eagle & Phenix Hotel Co.* 68 N. H. 38, 43. The right of anyone entitled to use a private way to make reasonable repairs and improvements is well-established in cases where the way is already in use. *Meehan* v. *Barry*, 97 Mass. 447. *Killion* v. *Kelley*, 120 Mass. 47. *Draper* v. *Varnerin*, 220 Mass. 67. *New York Central Railroad* v. *Ayer*, 242 Mass. 69, 75. The right exists even more clearly where without improvement the way is impassable and useless. *Senhouse* v. *Christian*, 1 T. R. 560. *Newcomen* v. *Coulson*, 5 Ch. D. 133. *White* v. *Eagle & Phenix Hotel Co.* 68 N. H. 38, 42. *Herman* v. *Roberts*, 119 N. Y. 37, 42. *Missionary Society of Salesian Congregation* v. *Evrotas*, 256 N. Y. 86, 90. *Hammond* v. *Hammond*, 258

Penn. St. 51, 56. Whether improvements made are reasonable in view of the equal rights of others, is largely a question of fact. *Meehan* v. *Barry*, 97 Mass. 447. *Herman* v. *Roberts*, 119 N. Y. 37, 45.

This is not a controversy over divers plans of improvement. The plaintiffs apparently desire Lincoln Street to remain unimproved and impassable. The defendant had to establish some grade, for there was no existing or natural grade at which a usable way could be built. For this reason, cases like *Killion* v. *Kelley*, 120 Mass. 47, and *Draper* v. *Varnerin*, 220 Mass. 67, are inapplicable. It does not appear that the grade adopted was unreasonable. The construction of a sidewalk, a usual incident of such a way, was proper. *Missionary Society of Salesian Congregation* v. *Evrotas*, 256 N. Y. 86, 91. The Perrons have no right to drain across Lincoln Street that is superior to the right of the defendant reasonably to improve the street.

Possible criticisms of the rather intangible injunction issued against the defendant in the suit by Anna M. Perron, by which the substantial merits of the case might be transferred to future proceedings for contempt, are not before us, for the defendant has not appealed. In the case brought by Anna M. Perron the entry should be, Decree affirmed; and in each of the other cases, Decree affirmed with costs.

*Ordered accordingly.*