**THOMPSON v. WILLIAMS et ux.**

No. 15325.

Court of Civil Appeals of Texas.
Fort Worth.
April 25, 1952.

Rehearing Denied June 6, 1952.

Cantey, Hanger, Johnson, Scarborough & Gooch, J. A. Gooch and Peveril O. Settle, Jr., all of Fort Worth, for appellant.

Tilley, Hyder & Law, Robert Hobbs and Thos. H. Law, all of Fort Worth, for appellee.

CULVER, Justice.

Appellees—plaintiffs C. B. Williams and wife, sued Frank L. Thompson, appellant, for damages, both actual and exemplary, alleging that appellant had wrongfully widened a roadway and in doing so had cut into the natural slope of the land, leaving a vertical cut along appellees' east property line, to a maximum depth of about 7½ feet, thus depriving appellees of lateral support for their property and exposing it to sloughing and erosion.

On the trial, without a jury, the court rendered judgment for appellees for actual damages in the sum of $3,500, and exemplary damages in the sum of $400.

The testimony was for all practical purposes undisputed. In 1911, the plat of Rivercrest Addition was recorded, dedicating all streets and roads, including Hidden Road (the one in controversy), "as private ways for the exclusive use, benefit and convenience of said owners, their successors and assigns, it being not intended to make said streets, roads and alleys public thoroughfares but to retain the exclusive use and control thereof for the benefit of future owners of said property as aforesaid." This roadway had never been improved or made passable until the spring of 1951, when appellant sought to do so in order to develop a block he had bought in the Addition, which could be approached only along Hidden Road. He induced the city authorities to grade and open up the roadway, telling them, as the Street Superintendent recalls, that it was a public road. The grade was set by the City Engineer and thereafter, under the direction of the Street Superintendent, the roadway was worked out to a width of 18 feet. Later, Thompson widened the road, using the grade theretofore set, to within a few feet of appellees' property line. The dedication provided that Hidden Road had a width of 30 feet. The land sloped at a right angle to the road and appellant testified, without contradiction, that it was necessary for him to widen the roadway because seepage from appellees' property rendered the road boggy and impassable, at least for two-way traffic.

The trial court concluded: (1) That although Hidden Road as originally dedicated was a private way, none the less in inducing the city to open and improve the road there was an implied dedication by estoppel of the roadway, at least so far as appellant's interest was concerned, as a public street, and that therefore appellant's action in widening the same and leaving appellees' property without lateral support was wrongful. (2) That even if appellant was not estopped to rely on the original dedication of Hidden Road as a private street, appellees were entitled to lateral support for their property and that appellant's action in widening the street and removing such lateral support was wrongful and entitled appellees to their damage.

Appellant challenges the correctness of these two propositions, asserting:

(1) "The trial court erred in concluding that appellees were entitled to recovery on the ground of an estoppel."

(2) Inasmuch as appellant as the owner of a private easement in Hidden Road had the right to grade the same without liability to appellees, in the absence of negligence or unreasonable action, neither of which was pleaded or proved, the court erred in con-

240 cluding that appellees were entitled to lateral support."

■■■ The theory of implied dedication by estoppel is based solely on the act of appellant in obtaining the city authorities to lay the grade and open the street and telling them that it was a public street. The City of Fort Worth is not a party and has made no such claim nor is anyone contending for the right to use the street as a public thoroughfare. Appellees cite and rely upon the case of Tribble v. Dallas Railway & Terminal Co., Tex.Civ.App., 13 S.W.2d 933. In that case a strip was dedicated in 1909 as a private way. A few days later a subsequent purchaser executed and recorded a formal dedication of the same for public use, and for twenty years prior to the institution of the suit for injunction the street had been paved by the city and used by the public continuously as a street without any protest or objection. We think that case has no application to the facts before us here. We fail to see how a roadway could be public as to one person and private as to another. Appellant is merely one of the property owners in Rivercrest Addition and only one of four or five residential owners who are using or will use Hidden Road as the means of ingress to their properties. He alone would be powerless, even if he so desired, to change the dedication of the roadway. Obviously then the court merely means to say that by inducing the City to do the work appellant has estopped himself, so far as the appellees are concerned, from denying that the roadway is a public one. In the first place, there was no pleading of estoppel. The appellees in their petition alleged that the road was "public". Appellant in his answer asserted the recorded dedication of the same as a private way, to which appellees made no reply. Estoppel, if relied upon, must be plead. Washington Nat. Ins. Co. v. Booker, Tex.Civ.App., 123 S.W.2d 975; Leon v. Gulf Production Co., Tex.Civ.App., 35 S.W.2d 1101, writ refused. In the second place, the elements of estoppel are not present. "Estoppel is always predicated upon the conception that one pleading it has been misled to his prejudice by some statement, act, or conduct of another who thereafter seeks to assert a right inconsistent with such statement, act, or conduct. The basis of estoppel is deception." Shear Co. v. Wilson, Tex.Com.App., 294 S.W. 843. Appellees were neither misled nor deceived nor placed reliance upon anything that appellant did or said. We therefore agree that appellant was not estopped to deny that the roadway was a public one and that the roadway was not impliedly dedicated by estoppel as a public street.

Appellees neither plead nor proved that the widening was done in a negligent manner nor contradicted appellant's testimony to the effect that the widening was necessary in order to make the road passable. Consequently, the case turns entirely upon the point as to whether or not appellant had the legal right to widen this private roadway as he did.

■■■ The case of Guillet v. Livernois, 297 Mass. 337, 8 N.E.2d 921, 112 A.L.R. 1300, is closely in point. In that case the court held that one entitled to use a private way had the right to make reasonable repairs and improvements and that the right existed even more clearly where without improvements the way was impassable and useless, even though as a result of the improvements one end of the lot of a complainant had been left about 5 feet above the street without any retaining wall and the natural drainage from the lot of another complainant had been stopped. "The general rule is that liability does not arise from the mere exercise of a legal right, though hurt may result from it, if this could not have been avoided except by abandoning the right." Mexican National Construction Co. v. Meddlegge, 75 Tex. 634, 13 S.W. 257, 259. Other authorities to the same effect are numerous. "The grant of an easement carries with it whatever is essential to its enjoyment." 28 C.J.S., Easements, § 75. It has been held that the grantee of an easement may prepare the way for proper use and hence may grade, gravel, plow or pave the same. 17 Am.Jur., Easements, sec. 111; Moore v. White, 159 Mich. 460, 124 N.W. 62.

Hidden Road to the width of 30 feet having been expressly dedicated as a private way, appellant was entitled to rely upon the terms of the dedication in respect to such width, particularly where it was necessary to make the same usable. 28 C. J.S., Easements, § 77. The law is aptly put by the Supreme Court of Idaho in City of Bellevue v. Daly, 14 Idaho 545, 94 P. 1036, 1038, 15 L.R.A.,N.S., 992, as follows: "It may be stated as a general proposition that every man has the right to the natural use and enjoyment of his own property, and if while lawfully in such use and enjoyment, without negligence or malice on his part, an unavoidable loss occurs to his neighbor, it is 'damnum absque injuria,' for the rightful use of one's own land may cause damage to another without any legal wrong."

We believe the authorities support appellant's contention that in exercising his legal right to make possible the enjoyment of the easement granted to him as one of the owners in the Rivercrest Addition, he cannot be held to respond in damages even though substantial injury has been done appellees thereby.

Appellees argue and produce authorities to the effect that the owner of land is entitled to have it supported and protected in its natural condition by the land of his adjoining owner, and if such adjoining owner removes that support and injures his neighbor, he is liable in damages. 1 Tex. Jur. 709, sec. 7; 1 Am.Jur. 521, sec. 25. This is undoubtedly correct as a general rule of law but it does not apply in the case before us for the reasons stated. Appellees bought their property subject to the plat and dedication of Rivercrest Addition with the knowledge that Hidden Road was dedicated as a private way. An inspection of the same at that time would necessarily have revealed the effect on their property of the road being placed in a usable and passable condition.

Both points raised by appellant are sustained and the case is accordingly reversed and judgment rendered for him.