Helen PENA, et al., Appellants,

v.

Lillian Hein SALINAS, et al., Appellees.

No. 04–86–00156–CV.

Court of Appeals of Texas, San Antonio.

June 10, 1987.

Rehearing Denied Aug. 3, 1987.

Richard G. Morales, Sr., Humberto L. Juarez, Jr., Laredo, for appellants.

Bill Blackburn, Corpus Christi, for appellees.

Before CADENA, C.J., and ESQUIVEL, BUTTS, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a declaratory judgment determining the location of an easement by grant belonging to the appellees.

In the early part of this century, Henry Hein, Sr., owned certain lands known as the Varal Pasture, the Brazil Ranch, and the La Copa Pasture, all located in Webb and Zapata Counties. On September 4, 1928, the Brazil Ranch and La Copa Pasture were partitioned by deed executed by the Union State Bank & Trust Company of Laredo, Maria Hein de Llanos, and Henry Hein, Jr. The partition deed contained the following clause:

> That the said Henry Hein and those claiming under him the land hereby partitioned to him are entitled to and are hereby given a reasonable right of egress and ingress over that portion of the lands partitioned to the said Union State Bank & Trust Company of Laredo and the said Maria Hein de Llanos lying between the lands awarded to him and the Laredo-Zapata Highway.

Appellees are all descendants of Henry Hein, Sr., and Henry Hein, Jr., or representatives of their heirs, and claim title to property in the Brazil Ranch land partitioned to Henry Hein, Jr., in the 1928 partition deed. Appellants, Helen Llanos Pena and Enriqueta Zimmerman, are descendants of Maria Hein de Llanos and own portions of La Copa Pasture also partitioned in the 1928 deed. Appellants' land was further partitioned by a deed executed on January 2, 1957, which established the boundaries as they presently are in this case.

On September 25, 1984, the trial court granted a partial summary judgment that appellees had an easement by grant over the appellants' property. The judgment further ordered that a jury should determine the reasonable location of that easement. However, the court ruled that the easement must be located on appellants' land.

This was significant because appellants' primary argument against locating the easement over their property was that appellees already had access to their property by virtue of a road through the adjacent Martinez land. This property forms no part of the partitioned land in question. In the partial summary judgment the court ruled that "the jury shall not consider the possibility of locating the easement on the Martinez Roadway." In keeping with that mandate the trial court instructed the jury to locate the appellees' easement only upon appellants' property without considering the existence of the Martinez roadway. The jury located the easement on existing roads through appellants' property.

Appellants complain in their first point of error that in the partial summary judgment the trial court erroneously described their property by attributing to them 3,000 acres when, in fact, they only owned about 2,000. This error occurred because the trial court described as belonging to appellants the entire piece of property originally owned by Maria Hein de Llanos over which the 1928 partition deed granted an easement to predecessors in title. Appellants claim they should there-

fore have been allowed to argue to the jury the possibility of locating appellees' easement on another part of the original 3,000, but not on their 2,000. In other words, the appellants sought to establish that while appellees may have an easement by grant over Maria Hein de Llanos' property, the easement need not necessarily lie on appellants' land because they only own two-thirds of the land that belonged to her before the partition in 1928. The court later corrected this mistake in the final judgment by pointing out that appellants actually own only 2,000 of the 3,000 acres described in the 1928 partition deed as belonging to Maria Hein de Llanos.

We fail to perceive how the error in the partial summary judgment could have harmed appellants in light of the evidence actually adduced at trial. First, appellant Zimmerman's land is the only property included in the original partition deed which has a common border with appellees' land. That is, as a practical necessity any route between the Laredo-Zapata Highway and appellees' land which passes through any of the 3,000 acres described in the 1928 partition deed *must* cross the Zimmerman property.

Second, the record contains no evidence whatsoever of any location for appellees' easement which would satisfy the 1928 deed other than the route which the jury in this case found to be reasonable. Therefore, the evidence supports, and the jury was free to find, that the route described in the judgment was a reasonable location for appellees' easement by grant. Accordingly, we overrule appellants' first point of error.

■ In points of error two through five appellants complain of the court's charge to the jury. Appellants argue in point of error two that the court erred by including the instruction which prohibited the jury from locating appellees' easement on the Martinez' property. They claim this instruction was a comment by the court on the weight of the evidence and asked the jury to assume as true facts which were controverted at trial.

However, the instruction does no more than clearly define the facts as established in the court's earlier partial summary judgment and the parties' pre-trial stipulations. The parties stipulated to the authenticity of the 1928 deed which granted Henry Hein and those claiming under him a reasonable right of egress and ingress to his property over the lands partitioned to Maria Hein de Llanos. The parties further stipulated that appellees were descendants of Henry Hein, Sr., and Henry Hein, Jr., and claimed title under them to the land partitioned in the 1928 deed. The parties also stipulated that appellants were descendants of Maria Hein de Llanos and claimed title to their land under the 1928 deed. Consistent with these stipulations, the court held in its partial summary judgment that appellees were entitled to an easement by grant across appellants' land by virtue of the 1928 partition deed, and that appellees' ability to reach their property by using a roadway on the Martinez' land, which was land outside the partition, was irrelevant. Therefore, as defined by the parties' stipulations and the partial summary judgment, the only issue in this trial was where on appellants' property the appellees' easement would lie. The existence of the easement was no longer a matter open to dispute. Thus the instruction requesting the jury to consider only the lands of appellants was correct.

■ Appellants next argue that the court erred in submitting Special Issue Number One to the jury. That issue read,

Do you find from a preponderance of the evidence that the HNG Road, in conjunction with the portion of the Mangana-Hein Road between the La Copa Gate and the HNG road [sic] is the most reasonable location or route of the right of reasonable ingress and egress given to the Plaintiffs' [appellees'] father, Henry Hein, in the 1928 partition deed. [sic]

However, the parties stipulated that:

The only roadway by which Plaintiffs [appellees] can have ingress and egress from the Laredo-Zapata Highway from their respective portions of the Brazil Ranch exclusively across the lands partitioned to Maria Hein de Llanos in Exhibit

"A" hereto [the 1928 partition deed], is the roadway formed by a combination of the roads described in Exhibits "C" and "D" hereto [sic] [these exhibits describe the same roads as are described in the court's final judgment].

Also, appellees presented evidence that to build a new road across appellants' property would cost tens of thousands of dollars. In any event, we are satisfied that the record contains sufficient evidence to support the submission of the issue and the jury's affirmative answer to it. We overrule appellants' third point of error.

In points of error four and eight appellants claim that the evidence was insufficient to support the court's submission of or the jury's answers to Special Issues One and Two.[1] As we pointed out above, the evidence amply supported the court's judgment. Accordingly, we overrule appellants' fourth and eighth points of error.

■ Appellants argue next that the trial court erred in refusing to submit their requested special issues. Through these issues appellants sought to establish that appellees already had reasonable access to their property by virtue of an acquired easement over the Martinez' property. However, appellants cite no authority, and we can find none, to support the proposition that an easement by grant would be defeated by the existence of another easement which would serve the same purpose. To the contrary, the law is well settled that the grant of an easement carries with it whatever is essential to its enjoyment. *Thompson v. Williams*, 249 S.W.2d 238, 240 (Tex.Civ.App.—Fort Worth 1952), *aff'd*, 152 Tex. 270, 256 S.W.2d 399 (1953). Since the only way to give effect to the easement granted appellees in the 1928 deed is to provide them with an easement over appellants' land, the existence of other easements, over other property, is irrelevant. The trial court did not err in denying appel-

lants' requested issues. We overrule appellants' fifth point of error.

■ Appellants argue that appellees' claim is barred by the doctrine of *res judicata*. Application of the doctrine of *res judicata* operates to bar relitigation of claims which have already been decided and are subject to a final judgment. *Bonniwell v. Beech Aircraft Co.*, 663 S.W.2d 816 (Tex.1984). However, the doctrine cannot apply to a case unless the subsequent lawsuit involves the same parties and subject matter as the previous judgment. *Hudspeth v. Hudspeth*, 673 S.W.2d 248 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

Appellants claim appellees' present lawsuit is precluded by *Pena v. Hereford*, 694 S.W.2d 3 (Tex.App.—San Antonio (1984), writ ref'd n.r.e.). This case concerned an alleged *implied* easement between the Pena property in La Copa pasture and several claimants' lands in *El Varal* pasture. Clearly, since that litigation involved an implied easement, as opposed to an easement by grant, different parties, and different land, that judgment cannot bar the present lawsuit. We overrule appellants' seventh point of error.

■ Appellants contend that the trial court erred in allowing appellees attorneys' fees and costs. Appellees presented evidence at trial which included itemized time records showing the attorneys' work and time required, as well as copies of billing slips corroborating the time slips, testimony of appellees' attorney, and that of another attorney, with knowledge of the customary fees for similar services in the area, and that the fees requested were reasonable compensation for necessary services. Further, the parties stipulated to evidence demonstrating appellees' extensive efforts to arrive at a settlement with appellants prior to trial.

---

1. Special Issue Number Two:
   Describe exactly the route and width of the roadway across Defendants' [appellants] land which you find from a preponderance of the evidence provides Plaintiffs [appellees] with reasonable egress and ingress between their land and the Laredo-Zapata Highway.

The jury failed to answer this issue because it answered Special Issue Number One. Since that was done, the instruction precluded answering Number Two.

The Declaratory Judgments Act authorizes the trial court to award attorneys' fees. TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). We find the record supports the trial court's award of attorneys' fees and costs to appellees and overrule the ninth point of error.

Point of error six is necessarily overruled in that it addresses error in the denial of the motion for new trial. The same arguments there are assigned on appeal.

■ Appellees bring one cross-point of error arguing the trial court erred in reducing the amount of the supersedeas bond, set to cover attorneys' fees, from $50,000.00 to $35,000.00 because the latter figure fails to cover the amount of the judgment in the event the appeal proceeds through judgment in the Supreme Court. We have considered appellees' arguments and authorities and overrule the cross-point.

The judgment is affirmed.

### EXHIBIT 1

---

**CADENA, Justice, dissenting in part.**

While I concur with the majority's disposition of the merits of this case, I would sustain appellee's crosspoint complaining of the trial court's reduction of the supersedeas bond from $50,000 to $35,000.

TEX.R.CIV.P. 364(b) specifies that:

When the judgment awards recovery of a sum of money, the amount of the bond or deposit shall be at least the amount of the judgment, interest and costs.

Even ignoring the attorney's fee award for an appeal to the Supreme Court, the judgment against appellant, at present, is for $36,000 plus 10% interest, which is significantly more than the $35,000 supersedeas bond required by the court. The intent of Rule 364(b) is to insure that, "pending the appeal the supersedeas bond shall always be in an amount and with sufficient sureties to enable the appellee to collect the judgment against the appellant and his sureties if it is affirmed." *Cooper v. Bowser*, 583 S.W.2d 805, 807 (Tex.Civ.App.— San Antonio 1979, no writ).

I would reform that part of the trial court's judgment reducing the supersedeas bond and require appellant to post a supersedeas bond in the full amount of the judgment.