BOARD OF SURVEY OF LEXINGTON *vs.* SUBURBAN LAND COMPANY.
SAME *vs.* SAME.

Middlesex.  January 14, 1920. — February 26, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Municipal Corporations,* Officers and agents, Board of survey.  *Way,* Public.
   *Equity Jurisdiction,* To enforce provisions of St. 1907, c. 191.  *Equity Plead-
   ing and Practice,* Bill, Demurrer, Reservation.

A board of survey, constituted under the provisions of St. 1907, c. 191, by a town
   which has accepted the provisions of that statute, has no right to erect or to
   maintain upon unimproved land, owned by a corporation which intended to
   improve, develop and sell it, a sign containing a warning to purchasers as to the
   character of roads which, under the provisions of the statute, would be acceptable
   to the board.
Nor has such a board of survey any right or power conferred by the common law or
   by statute to erect or maintain such a sign within a highway, the fee to which is
   owned by a private person who has not granted such a right to the town.
If, upon the filing by a landowner of plans relative to the laying out of streets over
   certain land with a board of survey under the provisions of St. 1907, c. 191, the
   board is not satisfied with the plans, their powers and duties then are, not to
   reject the plans, but to alter them, determine where the streets should be located
   and what their widths and grades should be and, having so indicated on the
   plans, to approve and sign the plans as changed.
Upon a reservation for this court of a suit in equity upon the bill and a demurrer, no
   intendments are made in favor of the plaintiff, who should aver in the bill
   every material fact essential to a right to relief.
St. 1907, c. 191, does not confer upon a board of survey a right to maintain a suit in
   equity to restrain an owner of land from laying out and constructing streets
   therein because he has not complied with the provisions of the statute relating
   to the filing of plans with the board.

BILL IN EQUITY, filed in the Superior Court on July 19, 1919,
and afterwards amended, by the selectmen of the town of Lex-
ington, constituted its board of survey by the acceptance by the
town of St. 1907, c. 191, seeking to enjoin the defendant, a cor-
poration engaged in the business of purchasing, developing and
selling real estate, "from removing, destroying, defacing, burning,
or otherwise injuring or interfering with in any way" a sign, de-
scribed below, erected by the plaintiff board of survey at the in-
side edge of the curb line of the street bordering on land owned by
the defendant.  Further prayers of the bill were that the plaintiffs

"be allowed to maintain said sign or a sign similar in nature, purpose and location, on or near or in the immediate vicinity of" the defendant's land; that the defendant "be forthwith ordered to return" other signs of a similar character, which had been erected by the plaintiffs and torn down and removed by the defendant, or, in case those signs had been destroyed, to pay to the plaintiffs the value thereof and all expenses incurred in their erection and maintenance "and all the loss or damage accruing from the absence of said signs;" also a

BILL IN EQUITY, filed in the Superior Court on October 31, 1919, by the same plaintiffs, seeking, upon the allegations described in the opinion, to enjoin the defendant from the construction or further construction upon its land of ways, and of sewers, drains, water pipes or street lamps in and upon ways already constructed or under construction, until the defendant "has submitted suitable plans as provided in" St. 1907, c. 191, "and until such plans are approved by the Board of Survey."

The sign described in the first suit was approximately four feet square, the top of it being eight feet from the ground. The notice thereon bore the signatures of the plaintiff board of survey, and was as follows:

"Warning.

To Purchasers of Land in Lexington.

"No road will be accepted or made a public street in Lexington nor will any water mains, street lamps, sewer or other public utilities be provided therein nor will any such street or private way be approved by the Board of Survey until such streets shall have been laid out to a width of not less than Fifty (50) feet and to a grade satisfactory to said Board.

"Chapter 191 of the Acts of 1907 has been accepted by the Town of Lexington and its provisions will be rigidly applied to all Real Estate Developments in the Town."

The defendant demurred to each bill for want of equity. The demurrers came on to be heard by *Lawton*, J., who reserved and reported the suits upon the bills and demurrers for determination by this court, it being stipulated in each suit that the bill was to be dismissed if the demurrer should be sustained; and, if the demurrer should be overruled, that such decree was to be entered as justice and equity required.

*R. L. Ryder,* (*N. B. Bidwell* with him,) for the plaintiffs.

*W. H. Wood,* for the defendant.

RUGG, C. J.    These are suits in equity brought by the board of survey of the town of Lexington.    The bill in each suit alleges that St. 1907, c. 191, has been accepted by Lexington.    The first section of that act provides that the selectmen of any town which accepts its provisions shall constitute a board of survey for that town.    Section 2 is in substance as follows:  "Any person or corporation desiring to lay out, locate or construct any street or way in any town which accepts the provisions of this act, . . . shall, before the beginning of such construction, submit to said board of survey suitable plans of such street or way, to be prepared in accordance with such rules and regulations as the board may prescribe."    There are requirements for public hearings on such plans after notice, after which the board "may determine where such street or way shall be located, and the width and grades thereof, and shall so designate on said plans.    The plans shall then be approved and signed by the board and filed" with the town clerk.    Authority is conferred upon the board by § 3 to cause to be made plans of location, direction, grade and width of streets and ways, whether already laid out or not, as in its judgment are required, in accordance with general rules there set forth.    It is enacted in § 4 that no way shall thereafter be laid out, located anew, altered, or widened, except in accordance with the act.    And if "any person or corporation shall hereafter open for public travel any private way the location, direction, width and grades of which have not previously been approved in writing by the board of survey in the manner provided for in this act, then neither the town nor any other public authority shall place any public sewer, drain, water pipe or lamp in, or do any public work of any kind on, such private way so opened to public travel contrary to the provisions of this act: provided, however, that these provisions shall not prevent the laying of a trunk sewer, water or gas main, if it be required by engineering necessities."

The bill in the first suit alleges in substance that the defendant is a corporation organized for the purchase of vacant land and laying it out by streets and ways and the selling of lots, and in general for promoting building and settlement of people thereon, and to that end has purchased a large tract in Lexington, and that in

order to advise prospective purchasers of lots and builders of homes of the requirements of the law contained in §§ 2, 3 and 4 of the act, the board of survey have erected on or near the premises of the defendant and in the highway adjacent thereto signs containing a "Warning. To Purchasers of Land in Lexington," setting out brief statements of these requirements with reference to statutes; that the defendant is about to tear down and remove one of these signs and has already torn down and removed others of them, and intends to sell lots without complying with the requirements of said act and the rules and regulations made pursuant thereto, and without informing purchasers of the existence thereof. The prayers are for injunction to restrain the defendant from tearing down the sign, to order return of signs already removed, for authority to maintain the signs and for general relief.

It is plain that the board of survey have no right to erect and maintain upon land of the defendant signs like that here in question. Such erection and maintenance would be a plain invasion of the rights of private property without authority of law. *Diamond* v. *North Attleborough*, 219 Mass. 587, 591.

The only right acquired by the public by the laying out of a highway by exercise of the power of eminent domain is the easement of travel. While this includes a large variety of uses, these all relate to travel and transportation and the transmission of intelligence and other commodities. *Cheney* v. *Barker*, 198 Mass. 356, and cases there collected. The owner of the fee still may use it in any way not inconsistent with the paramount right of the public to use it for travel. *Como* v. *Worcester*, 177 Mass. 543, 548. The right of the public to establish drinking fountains, erect guideboards, and plant shade trees all are carefully authorized and regulated by statute. *Commonwealth* v. *Morrison*, 197 Mass. 199, 205. The erection of poles and other structures within the highway for telephone, telegraph, street railway, and electric light and power poles and wires all also are governed by statute, variations from the provisions of which are unauthorized. *Reed* v. *Edison Electric Illuminating Co.* 225 Mass. 163, 166. See *Lentell* v. *Boston & Worcester Street Railway*, 202 Mass. 115. Even the right of the abutting owner to erect obstructions within the highway often is made subject to public regulation. *Union Institution for Savings* v. *Boston*, 224 Mass. 286.

The plaintiffs fail to show any right in themselves to erect and maintain signs within highways. Their powers and duties under St. 1907, c. 191, afford no justification for erecting signs. Such signs have no relation to public travel. As we understand the record, all the signs were erected either on land of the defendant or within portions of the highway to which it owns or may be presumed to own the fee. If so, their acts were a direct invasion of the right of the defendant. In any event they fail to show any right to equitable relief.

The bill in the second suit sets out the adoption of rules and regulations in reference to the laying out of streets pursuant to the authority of said c. 191 by the board of survey, the filing by the defendant of a plan and petition for its allowance, and rejection of the plan and denial of the petition by the board, and that, without complying with said rules and regulations but contrary thereto and in violation of the terms of said c. 191, the defendant has begun and is continuing to construct streets and ways over its land. The prayers are for an injunction restraining the defendant from constructing streets without first complying with the rules, regulations and statute, and from placing any sewers, drains, water pipes or street lights in any street now laid out or constructed, and for general relief.

These allegations fail to show full performance of their statutory duty by the board. Their general power when plans are filed is, not to reject them, but if not satisfied with them to "alter such plans" and "determine" where the streets shall be located and "the width and grades thereof and shall so designate on said plans," and then approve and sign them as thus changed. No power is given to prevent the development of property merely because the board do not like the plans. They must not only point out their objections but indicate how the plans must be changed in order to meet their approval. The design of the statute is that, when a plan is presented by the landowner, if it is not in conformity to the statute and to reasonable rules and regulations, it shall be altered so as to be a proper plan and then, after approval, made a public record. The bill does not allege that the plans were rejected because of failure to conform to the mechanical requirements of the rules and regulations, as to kind of cloth on which made, size, scale, or other details. Since the

case is reserved on bill and demurrer, this is one of the instances where no intendments are made in favor of the pleader. It is the duty of the plaintiff to plead every material fact essential to a right to relief.

There is a broader ground upon which relief in equity must be denied. The statute here in question is an exercise of the police power restricting the freedom of use of private property. Violation of its provisions constitutes neither a public nor a private nuisance at common law. The statute contains in §§ 4 and 5 specific consequences in the nature of penalties by restricting the rights of owners in the event of violation of the statute. The consequences imposed by a statute of such a character are commonly regarded as exclusive and no general relief against violation of its terms is conferred upon public officers by implication. Such a statute, reaching out into a new domain, usually covers the whole field and states fully and exclusively the duties, obligations, powers and remedies thereby created. *Attorney General* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 194, 199. See *Commonwealth* v. *Howes,* 15 Pick. 231. Its terms are not commonly stretched beyond their plain import. Moreover, it is customary for the Legislature, in statutes of this general nature, to confer the right to relief in equity by express terms, when its purpose is that such relief shall be afforded. See, for example, R. L. c. 75, §§ 110, 120, 126, 141; c. 102, §§ 72, 95, 117, 125, 171; c. 101, § 8; St. 1914, c. 624, § 3; *Carleton* v. *Rugg,* 149 Mass. 550; *Watertown* v. *Mayo,* 109 Mass. 315; *Chase* v. *Proprietors of Revere House,* 232 Mass. 88; *Worcester Board of Health* v. *Tupper,* 210 Mass. 378; *Perry* v. *Hull,* 180 Mass. 547; *Hill* v. *McKim,* 168 Mass. 100. That rule is recognized in *Attorney General* v. *Williams,* 174 Mass. 476, 484. There is nothing in this case which calls for a relaxation of that rule.

In accordance with the terms of the reservations, in each case a decree may be entered dismissing the bill.

*So ordered.*