ALBERT N. WALKER & others *vs.* E. WILLIAM AND MERRILL C. NUTTING, INCORPORATED.

Middlesex.     December 8, 9, 1938. — April 10, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Way*, Private: location, extent of easement, construction. *Equity Pleading and Practice*, Answer; Master: exceptions to report. *Evidence*, Competency, Hearsay, Extrinsic affecting writing. *Municipal Corporations*, Board of survey.

Deeds of lots on opposite sides of a private way running westerly from a street on which the lots abutted, construed with a plan referred to therein, showed that the way was not a dead end way stopping at the west boundary of the lots, where a large tract adjoined them, but was part of a continuous way extending across the tract to another street and was subject to use by certain owners in the tract.

In proceedings between landowners in which a plan referred to in the plaintiff's deed and approved by the board of survey was in evidence, it was error to admit evidence offered by the defendant as to what occurred at the hearing before the board respecting the plan and evidence of conditions orally imposed by the board before approving it.

An interlocutory decree confirming a master's report should not be disturbed because of error in his admission of certain evidence if, exclusive of findings based on such evidence, the report contains all material facts determinative of the issues involved and the same conclusion was proper, no prejudice through the error being shown.

There was no error in an order denying a motion to strike out portions of the answer in a suit in equity without prejudice to raising before a master the questions of law involved in the motion.

A board of survey, in dealing with a plan, submitted by a landowner for their approval, of a private way located partly on his land and partly on adjoining land, could not give him any rights in the adjoining land but could merely regulate according to their statutory powers the rights which he otherwise had therein.

In proceedings to enjoin the defendant from constructing a private way abutting the plaintiff's land, evidence that the plaintiff, who was not a grantee from the defendant, was induced to purchase his land by his expectation that the defendant would not have use of the way, properly was excluded.

The owner of an unwrought way over the land of another has a right to construct it for use in a reasonable manner and with due regard to the rights of others.

BILL IN EQUITY, filed in the Superior Court on April 12, 1938.

The suit was reported by *M. Morton*, J.

*A. W. Blakemore*, for the plaintiffs.

*W. M. Noble*, for the defendant.

RONAN, J.    This is a bill in equity to restrain the defendant from entering upon that portion of George Street, a private way, which is located between the lots of the plaintiffs, in Newton, and from preparing the surface and constructing thereon a way.    The Superior Court confirmed the master's report and, without entering a final decree, reported the case to this court, together with the master's report, the objections thereto, the motions to recommit the report, and the appeal of the plaintiffs from the denial of their motion to strike out a part of the defendant's answer.

In 1887, the owner of a large parcel of land in Newton, herein referred to as the Nason tract, prepared a plan dividing the tract into two hundred lots and recorded it in the registry of deeds.    This plan showed several private ways running in a general easterly direction to land then or later owned by the Atlas Film Corporation, and herein referred to as the Atlas land.    George Street was one of the ways shown on this plan of 1887, but it was represented as terminating at the Atlas land although its side lines were extended a short distance into the vacant land of the Atlas company where it bore the legend "Proposed St."

In October, 1925, Haynes & Hernandez, Inc., hereinafter called the company, purchased the Atlas land, which adjoined the Nason tract on the east.    The company then prepared a plan, dated January 12, 1926, which showed not only the laying out of lots upon the Atlas land but also a considerable portion of the easterly part of the Nason tract. Some of the ways indicated upon the plan of 1887 as ending at the Atlas land were now shown on this plan of January 12, 1926, as extending easterly over the Atlas land and connecting with Plymouth Road.    The boundary line of the Nason tract and the Atlas land was represented by a broken line across two of these ways, while in the case of George Street the boundary was shown by a continuous line across

George Street, and a second line, two feet easterly from this boundary and parallel thereto, was also drawn on this plan. The other two private ways had double lines across each of them, but they were located at places other than where the boundary lines of the Nason and Atlas lands cross those ways. The company soon after it purchased the Atlas land sought the approval of the planning board of Newton, which, by virtue of St. 1925, c. 35, was authorized to act as a board of survey. The board suggested that connection be provided for George Street and one other way with a way on the Atlas land. The plan of January 12, 1926, was approved on January 26, 1926, by this board and later recorded, showing thereon such approval.

George Street, which has recently been named Puritan Road, is shown to extend easterly from Vaughn Avenue to Plymouth Road, a distance of approximately four hundred twenty feet, about three hundred thirty-five feet being located upon the Nason tract and the remainder, about eighty-five feet, on the land of the company.

The premises of the plaintiff Gifford are located upon the southwesterly corner of Plymouth Road and George Street and extend westerly along George Street to the Nason tract, while the parcel of the plaintiff Walker is located on the northwesterly corner of Plymouth Road and George Street and also extends westerly along George Street to the Nason tract. The westerly boundaries of the plaintiffs' lots coincide with so much of the boundary between the Nason tract and the Atlas land as is located at these points. Gifford became the owner of her premises on December 21, 1928. They are composed of two lots numbered 19 and 19A. Lot 19 the company had sold to a predecessor in title on May 20, 1926, by a deed which, after bounding the land by Plymouth Road and George Street, referred to the plan of January 12, 1926, and contained the recital: "Together with the right in common with others entitled thereto to use said streets or roads above referred to, as shown on said plan, for all proper and useful purposes for which a street is ordinarily used in the City of Newton"; lot 19A, located westerly of lot 19, was conveyed by a deed which referred

to a plan of a subdivision of the plan referred to in the conveyance of lot 19, and described lot 19A as bounded northerly "by George Street by two lines," the second distance of two feet being the southerly boundary of the two-foot strip extending across George Street. Walker became the owner of her parcel, lot 20, on September 25, 1931, by mesne conveyances from one who purchased from the company on January 7, 1930. Her deed referred to the plan of January 12, 1926, bounded lot 20 on George Street, and included the northerly end of the two-foot strip across George Street. This deed expressly provided that the conveyance was "Subject to and with the benefit of right of way in common with others entitled thereto in and over Plymouth Road and George Street, and other streets as shown on said plan." Before the company had conveyed the Walker lot on January 7, 1930, it had sold on January 31, 1929, to one Frost all the land on the southerly side of George Street between Vaughn Avenue and the Gifford premises, which it had owned from December 31, 1925, and at the same time sold to Frost its interest in the two-foot strip across George Street. The defendant, by virtue of conveyances from Frost, has become the owner of all the land on both sides of George Street from Vaughn Avenue to the parcels of the plaintiffs and has constructed George Street up to the property lines of the plaintiffs, who are unwilling to have the way laid out and constructed to Plymouth Road, which since April, 1932, has become a public highway. The plaintiff Walker has constructed a driveway from Plymouth Road into her lot for the use of her automobile, and has fenced the front of her lot along the side line of George Street westerly from this driveway to the end of her lot. The plaintiff Gifford has lowered the grade of her front lawn to that of George Street. Other than this, the plaintiffs have made no changes in George Street or upon their land adjacent thereto, and George Street between their premises remains "in a natural and unimproved state, sparsely covered with trees and brush."

We have so far referred to facts set forth by the master. He also found that the development of the Atlas land, of

which the plaintiffs' premises are a part, is substantially completed and that the development of the Nason tract by the defendant is in its early stages; that both are high class residential developments; that it was the intention of the Atlas Film Corporation and of the owners of the Nason tract that George Street should be extended easterly; that at the time the plaintiffs purchased their lots it was the intention of the company when it prepared and recorded its plan of January 12, 1926, that George Street would ultimately be built as shown thereon; and that the plaintiffs could then have learned, from an examination of the plans on file at the registry of deeds, that it was the intention of the owners of both the Nason tract and the Atlas land to construct George Street from Vaughn Avenue to Plymouth Road.

We have examined the master's report and the various plans attached thereto. The ultimate findings of the master as to the intention of the parties are consistent with all his subsidiary findings and, consequently, his ultimate findings must be accepted as true. *MacLeod* v. *Davis*, 290 Mass. 335. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431, and cases cited.

The deeds to the plaintiffs made reference to a plan and not only described their respective lots but identified the parcels conveyed and declared the relationship of each parcel to the remaining lots in the new development of the company, and also to the easterly lots located in the Nason tract. The plan showed a single area, comprised of two tracts, to be developed in conjunction with each other, by the company, which, as appears from the master's report, owned not only all the land in the new development but a large parcel of the Nason tract situated upon the southerly side of George Street and adjacent to the premises now owned by the plaintiff Gifford. The deeds construed with the plan, in the light of the attendant circumstances, show that a right of way was established over this forty-foot way along the entire length of the plaintiffs' properties for the benefit of those entitled to a right of way over George Street to Plymouth Road, including the company, to whose

rights, as an abutting owner on the southerly side of George Street, the defendant has succeeded. *New England Structural Co.* v. *Everett Distilling Co.* 189 Mass. 145. *Lipsky* v. *Heller,* 199 Mass. 310. *Downey* v. *H. P. Hood & Sons,* 203 Mass. 4. *Kaatz* v. *Curtis,* 215 Mass. 311. *Hill* v. *Taylor,* 296 Mass. 107. The case at bar is distinguishable from cases illustrated by *Regan* v. *Boston Gas Light Co.* 137 Mass. 37, *Pearson* v. *Allen,* 151 Mass. 79, and *Wellwood* v. *Havrah Mishna Anshi Sphard Cemetery Corp.* 254 Mass. 350, where the grantees sought to prove, by express grant or by implication, a right to use all the ways shown on a plan, some of which were remotely distant from their land and were not shown to be reasonably necessary for the use of the granted premises.

The plaintiffs, on account of the recitals in their deeds, are unable to deny the existence of a right of way between their lots, *Howe* v. *Alger,* 4 Allen, 206, 209; *Downey* v. *H. P. Hood & Sons,* 203 Mass. 4, and, upon the facts reported by the master, cannot show that the easement has been abandoned. *Willets* v. *Langhaar,* 212 Mass. 573. *Arcisz* v. *Pietrowski,* 268 Mass. 140. They now contend that the portion of George Street abutting their premises was shown upon the plan of January 12, 1926, to be a dead end way by the existence of the two-foot strip located across George Street and in line with the westerly boundaries of their respective lots. The planning board on November 17, 1925, had declined to grant its approval to the plan unless the company extended George Street over its land and connected it with a way. The company did not at first desire to make such an extension but agreed to do so if the board insisted, and on December 31, 1925, it bought, in the name of one Clark, all the land on the southerly side of George Street between Vaughn Avenue and the Gifford lot. The planning board gave another hearing on January 19, 1926, and approved the plan. The plan, as recorded, showed the approval of the board. Moreover, the deed of lot 19A to Gifford described the southerly end of this two-foot strip as a part of the way, and she took title to the center of the way, including the southerly half of this strip,

with a right of way over the remaining portion. *McKenzie v. Gleason*, 184 Mass. 452. *Gould v. Wagner*, 196 Mass. 270. The deed to Walker bounded lot 20 by the northerly end of this strip, which was described as part of the way although the company had released its rights in the strip to one Frost on January 31, 1929, and prior to January 7, 1930, when it sold lot 20 to Crocker, a predecessor in title of Walker. Even if Frost had the title in this small strip of eighty square feet, it was a part of the right of way and must be so considered from the descriptions appearing in the deeds to each of the plaintiffs. It is plain that the plaintiffs, at the time of the purchase of their premises, knew that the right of way extended from the westerly boundaries of their lots to Plymouth Road and that the two-foot strip upon the plan was treated in their deeds as a part of the way. The recitals in the deeds would govern if they were inconsistent with the plan — which is not the case here — and the plaintiffs in view of the attending circumstances and the conduct of the parties cannot maintain the position that, on account of the delineation on the plan of this two-foot strip, George Street was a dead end way. *Pearson v. Allen*, 151 Mass. 79. *Oliver v. Kalick*, 223 Mass. 252. If it had been the intention of the parties that the easterly end of George Street was for the exclusive use and enjoyment of the plaintiffs, then there was no need of a right of way. Both of their parcels abutted upon Plymouth Road, which subsequently became a public way, and the existence of a private way limited to the extent claimed by the plaintiffs is not shown to be probable or reasonable.

The plaintiffs moved to strike out portions of the answer which referred to proceedings that resulted in the approval of the plan dated January 12, 1926, by the planning board. They also excepted to the admission by the master of evidence concerning these proceedings. The master found that the company was advised by the chairman of this board that it would be necessary to provide an outlet for George Street and that the representative of the company stated that he did not wish to provide such an outlet but that, if the board insisted, he would do so. At the next meeting of the board,

the plan then submitted was approved. The plaintiffs and their predecessors in title were charged with notice that the recorded plan had been approved by the board; and they could properly assume this had been done in accordance with the statutes which, in their present form, appear in G. L. (Ter. Ed.) c. 41, §§ 73–81, St. 1936, c. 211, § 3, but they were not bound by the testimony adduced before the board or by the conditions orally imposed by the board before sanctioning the plan, all of which was hearsay and inadmissible. *Maguire* v. *Pan-American Amusement Co.* 211 Mass. 22. *Rappel* v. *Italian Catholic Cemetery Association,* 259 Mass. 550, 553. *Montgomery* v. *Richards,* 275 Mass. 553, 555. The plan as approved and recorded showed George Street as a continuous way from Plymouth Road to Vaughn Avenue although it also disclosed the two parallel lines drawn across George Street which, for reasons already mentioned, were apparently intended not to make this street a dead end way from Plymouth Road, but rather to indicate a division of title to the soil of the street. The admission of the evidence in question was erroneous; but in view of all the facts reported by the master, many of which appear to have been based upon documentary evidence, no prejudicial error has been shown. If the report is considered as modified by eliminating the findings made relative to the proceedings before the board, then we are satisfied that we have before us all the material facts, and that they do not lead us to a conclusion different from that reached by the master. *Baush Machine Tool Co.* v. *Hill,* 231 Mass. 30, 41. *Wilde* v. *Sawtelle,* 232 Mass. 117, 121. *Forino Co. Inc.* v. *Karnheim,* 240 Mass. 574, 580. *Clark* v. *State Street Trust Co.* 270 Mass. 140, 157. *St. Michael's Ukrainian Greek Catholic Church of Woonsocket* v. *St. Michael's Ukrainian Orthodox Church of Woonsocket,* 288 Mass. 258, 261. *Meehan* v. *North Adams Savings Bank, ante,* 357. The denial of the motion to strike out portions of the answer, without prejudice to raise the questions of law before the master, was free from error. *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, 491, and cases cited.

The proceedings before the board in approving, in 1938, the defendant's plan for the construction of George Street could not affect the plaintiffs' rights, which were established by their deeds, and could not as against them confer upon the defendant any rights in the plaintiffs' properties. The action of the board did not purport to do so. St. 1925, c. 35. *Nute* v. *Boston Co-operative Building Co.* 149 Mass. 465, 469. *Board of Survey of Lexington* v. *Suburban Land Co.* 235 Mass. 108. The approval of the board amounted merely to the regulation of existing rights and determined in the public interest the manner in which such rights should be exercised. After the approval of the plans, the new ways were to be laid out and constructed in conformity with such plans. G. L. (Ter. Ed.) c. 41, § 74. The situation is more or less analogous to that where a court, at the request of a dominant owner, locates and defines his right of way. *McKenney* v. *McKenney*, 216 Mass. 248. *Brooks* v. *West Boston Gas Co.* 260 Mass. 407.

The master was right in excluding evidence, offered by the plaintiffs, that they were induced to purchase on account of their expectation that their properties were located upon a dead end street. The rights of the plaintiffs were governed by their deeds, and their expectation as to the future use of abutting ways was to be determined by the instruments of conveyance. *Lagorio* v. *Lewenberg*, 226 Mass. 464, 467. The exceptions to the report considered as modified as herein stated must be overruled and the motion to recommit denied.

The owner of a right of way has the right to enter upon the servient estate on which no actual way has been prepared and constructed and to make such changes therein as will reasonably adapt it to the purposes of a way, having due regard to the rights of others who may have an interest in the way. *Sullivan* v. *Donohoe*, 287 Mass. 265. *Guillet* v. *Livernois*, 297 Mass. 337, and cases cited. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 298 Mass. 513. The cases upon which the plaintiffs rely are distinguished in the *Guillet* case.

It follows that the interlocutory decree is affirmed, and that a final decree must be entered dismissing the bill with costs.

*Ordered accordingly.*