MARY F. CONNOR & another *vs.* MICHAEL J. McKENNA & others.

Suffolk.   February 5, 1959. — April 8, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Trespass. Equity Jurisdiction*, Trespass. *Way*, Private: infringement.

In a suit in equity between owners of lots facing the ocean and fronting on a so called avenue, some twenty feet wide, between the lots and a sea wall, which avenue each of the parties had a right to use in common with others "for all ordinary and usual purposes," a decree ordering the defendants to remove a wall, steps, and a ramp projecting from their lots into the avenue and enjoining them from interfering with the plaintiffs' right to use it was proper although the avenue was only soft sand and was not suitable for travel by automobile and the cost of removing the encroachments would be disproportionate to the benefit to the plaintiffs from their removal.

BILL IN EQUITY, filed in the Land Court on September 28, 1956.

The suit was heard by *Fenton, J.*

*James B. Muldoon,* (*Edward R. Thomas* with him,) for the defendants Walsh and others.

*David B. Nissenbaum,* (*Morris Nissenbaum* with him,) for the plaintiffs.

RONAN, J.   This is an appeal by the defendants Walsh and Campbell, hereinafter called the defendants, from a final decree of the Land Court ordering them to remove any and all obstructions erected or maintained by them in so far as they encroach upon Brewster Avenue, Winthrop, and permanently enjoining them from building or maintaining any obstruction in the said avenue and from interfering with the rights of the plaintiffs to use the avenue for all ordinary and usual purposes in common with others entitled thereto.

The parties own, under various certificates of title, separate lots of registered land fronting upon Brewster Avenue and facing the ocean. On the front of the lots of Walsh and the Campbells is a cement wall projecting into the avenue to maximum distances of 5.93 and 4.69 feet respectively. There are also flights of steps leading down to the avenue and a ramp partially crossing it. In 1952 the Commonwealth constructed a concrete wall, purporting to act under St. 1949, c. 614, on the easterly side of the avenue to protect the lots and structures thereon from the ravages of the sea. This sea wall so called is about five feet above the level of the avenue and is twenty-two to twenty-three feet easterly of the lots in question. When this sea wall was built, another concrete wall, five feet above the grade of the avenue, was constructed by the Commonwealth and by the town of Winthrop at right angles to the sea wall and parallel to Nerious Street, Winthrop, which wall blocks access from the avenue to the street.

The judge of the Land Court found that a decree of registration was entered on July 3, 1901, and a subdivision plan issued on May 15, 1909, which plan included the three lots of the parties now in issue.

Brewster Avenue is a private street running north and south in front of the parcels of land. It has a base of soft sand and has not been suitable for general travel by automobiles since the land was registered, although there was testimony that on rare occasions automobiles had travelled over the way.

The rights of the parties are fixed by their respective certificates of title. Each of the certificates in question substantially recites that "There is appurtenant to the . . . [lot] the right to use said Brewster Avenue and said passageway for all ordinary and usual purposes in common with others entitled thereto." The fact that the avenue is sandy and in its present condition not suitable for automobile travel does not destroy the rights which the plaintiffs have in its use. *Walker* v. *E. William & Merrill C. Nutting, Inc.* 302 Mass. 535, 543. Nor is it material that the cost to the de-

fendants of removing the obstructions will be disproportionate to the benefit gained thereby by the plaintiffs. *Geragosian* v. *Union Realty Co.* 289 Mass. 104, 109. *Ottavia* v. *Savarese*, 338 Mass. 330, 335–336. We have examined the prior course of litigation between the present parties as well as the circumstances of the present case and find nothing to take this case out of the general rule.

On motion of the defendants, the Commonwealth and the town of Winthrop were made parties defendant, and later, on the plaintiffs' motion, the bill was dismissed as to them without prejudice. There was no error. While the original certificate of the Land Court shows that Brewster Avenue had a width of thirty-three feet, the judge found that this distance was scaled in the subdivision plan, but that the actual figures were omitted by inadvertence. Although the sea wall was built approximately eleven feet inside the easterly boundary of Brewster Avenue, none of the parties now complains of the presence of the wall, for they all apparently desired the erection of the sea wall which constituted protection for the avenue and for their respective properties. Moreover, no exception was taken to the allowance of the motion dismissing the bill as against the Commonwealth and the town (which had contributed to the expense of its construction).

*Decree affirmed with costs of the appeal to the plaintiffs.*