JOSEPH SWAN & another *vs.* CITY OF NEWTON.

Middlesex.   April 9, 1959. — May 1, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Way*, Private: establishment as public way, board of survey approval, infringement; Public: establishment. *Eminent Domain*, Right to damages, Taking for establishment of public way.

Approval by a city's board of survey under G. L. c. 41, §§ 73–81, of the plan of a private way actually constructed and used only to a width substantially less than its width as shown on the plan did not preclude an abutting landowner owning the fee to the center of the way from maintaining across the undeveloped portion of the way in front of his property a driveway sloping up from a basement garage to the constructed portion of the way where it appeared that such driveway did not "unreasonably obstruct the rights of others" in the way; and, upon a subsequent taking by eminent domain in connection with the establishment of the way as a public way of the same width as the former private way and construction by the city of a sidewalk in the previously undeveloped portion of the way along the landowner's frontage in such manner that the grade of his driveway was so altered as to deprive him of the use of the driveway and garage, he was entitled to an assessment of the consequent damage to his property under G. L. c. 79.

PETITION for assessment of damages filed in the Superior Court on February 6, 1956.

The case was tried before *Bolster*, J.

*Matt B. Jones, Jr.*, City Solicitor, for the respondent.

*Robert W. Weinstein*, for the petitioners.

CUTTER, J.   The petitioners own land abutting on Brentwood Avenue in Newton.   Brentwood Avenue was a private way until February 7, 1955, when the city took by eminent domain an easement for a public street forty feet wide.   The avenue had appeared as a private way forty feet wide on a 1923 plan recorded with the registry of deeds but, prior to 1955, it had a dirt surface and, as a private way, was in fact constructed and used only to a width of twenty-four feet.

In 1950 the petitioners completed a house on their land. It included a basement garage "below the ground surface level, [with] access . . . by a driveway declining from the private way to the garage." Until February 7, 1955, this garage could be used. When, however, the city constructed the avenue "as a public street . . . it made the street twenty-four feet wide from the . . . (street) edge of the sidewalk on one side to the . . . (street) edge of the sidewalk on the other side." The city also "constructed sidewalks eight feet wide on each side of" the avenue and "approximately six and one half inches above the road level." The evidence, at the trial of this petition under G. L. c. 79 for assessment of damages resulting from the taking, was sufficient to warrant findings by the jury, (a) "that as a result of . . . such construction . . . the grade of the driveway . . . was so altered as to deprive the petitioners of the use of the garage and the driveway as a means of access thereto"; and (b) that the consequent damage to the petitioners was $7,500. The jury returned a verdict for this amount and the trial judge reported the case under G. L. c. 231, § 111, for the determination of certain questions of law.

Subject to the petitioners' exception, the judge admitted in evidence an application by a corporation (Fred Holland Chamberlin, Inc.) in 1925 to the city's board of survey for permission to lay out and construct Brentwood Avenue as a private way. The board voted approval "when the plans meet the requirements of the city engineer." A plan, which was not the plan filed with the application, of land "purported thereon to be owned by Fred Holland Chamberlin, an individual . . . dated March 1926 . . . bears the notations that it was approved by the . . . board of survey on March 23, 1926, and filed in the . . . city engineer's office." This plan shows Brentwood Avenue as forty feet wide. Brentwood Avenue, while a private way prior to 1955, had no sidewalk in front of the petitioners' property, and the petitioners' driveway had a "gradual slope leading from the . . . garage to the dirt road," and "bushes were growing

on . . . [the petitioners'] lots and there were brush and rubbish there, and the bushes, brush, and rubbish went to the edge of the dirt road." The city engineer testified that trees on these lots extended to the edge of the dirt road.

In addition to their general verdict, the jury found in response to special questions (1) that "all persons, other than the petitioners, who had rights . . . over that part of Brentwood Avenue used . . . as a driveway" had abandoned those rights before 1955, and (2) that "the petitioners' driveway as it existed prior to . . . 1955, [did not] unreasonably obstruct the rights of others in Brentwood Avenue as a private way." To the putting of the question relating to the abandonment of rights the city excepted.

The trial judge reported for our determination the questions (A) whether the plan approved in 1926 by the board of survey was "properly admitted in evidence as an approval of a street layout under" G. L. c. 41, §§ 73–81; (B) whether there was "sufficient evidence to warrant . . . submitting . . . to the jury" the question of abandonment; and (C) whether in the light of the answers to (A) and (B) above, "the petitioners [are] barred from recovering damages for the loss of use of their garage and . . . driveway." By the terms of the report judgment is to be entered for the city if the answers to both (A) and (C) are in the affirmative; otherwise judgment is to be entered on the verdict with interest and costs.

There was no evidence that at the time of the taking in 1955 any other person had, or was asserting, rights in the area of Brentwood Avenue (the fee in which was owned by the petitioners) lying outside the travelled dirt way twenty-four feet wide, except what inferences might be drawn from the circumstances that a recorded plan showed other lots bounding upon the avenue. There was also no evidence that the city, at the time of the taking, had any rights in Brentwood Avenue, unless it gained some rights by the board of survey's approval of the 1926 plan showing a layout of the avenue.

We assume, but without deciding, that the approval of the

1926 plan was a valid approval of the establishment of Brentwood Avenue as "a private way for public use" in accordance with G. L. c. 41, § 74.[1] Such approval, even if valid, "amounted merely to the regulation of existing rights and determined in the public interest the manner in which such rights should be exercised. After the approval of the" 1926 plan, Brentwood Avenue, if laid out and constructed, could be built only "in conformity with" the plan. *Walker v. E. William & Merrill C. Nutting, Inc.* 302 Mass. 535, 543. The city gained no rights in the avenue other than the power to require that action to construct a way for public use, if taken by persons having rights in the avenue, should comply with the plan. Such persons could not be required to take action. The action of the board of survey, prior to any city action laying out a public highway or taking land for a highway, did not prevent the petitioners from using the undeveloped area in any way which did not interfere with the existing rights of others, so long as the petitioners did not construct over that undeveloped land a "way for public use" in a manner inconsistent with the approved plan. See Swaim, Crocker's Notes on the Common Forms (7th ed.) § 839 at p. 453.[2]

---

[1] Section 74 reads, "After the establishment of a board of survey no person shall open a private way for public use without first submitting to said board suitable plans thereof . . . . Upon the receipt of said plans, with a petition for their approval, the board shall give a public hearing . . . after . . . notice . . . by publication . . . and after the hearing, the board may alter such plans, and may determine where such ways shall be located . . . and shall indicate any modifications on said plans. The plans as approved or modified by the board shall then be signed by the board, and in cities shall be filed in the office of the city engineer . . . and thereafter no way . . . shall be laid out or constructed except in accordance therewith, or with further plans subsequently approved . . . ." Section 77 reads in part, ". . . If any person shall open for public travel any private way the location, direction, width, grades . . . of which have not . . . been approved . . . by the board of survey . . . neither the city . . . nor other public authority shall place any public sewer, drain, water pipe or light in, or do any . . . construction work of any kind, or make repairs, on such private way . . . ." Section 81 provides in part, "Sections seventy-three to seventy-nine, inclusive, shall not authorize the taking of land nor authorize a town to lay out or construct any way which may be indicated on any plan until such way has been laid out as a highway . . . ."

[2] We need not consider whether, if construction of any such way inconsistent with the approved plan should be undertaken, § 77 provides the exclusive statutory penalty. See *Board of Survey of Lexington* v. *Suburban Land Co.* 235 Mass. 108, 113.

The special answer of the jury that the petitioners' pre-1955 driveway did not "unreasonably obstruct the rights of others" in the avenue is thus conclusive of this case. That answer established for the purposes of this case that the petitioners, when the taking was made in 1955, were entitled to maintain for their own private use their driveway as it then was, regardless of whether others having rights in the undeveloped portion of the avenue were not asserting or had abandoned those rights. It is thus unnecessary to consider the adequacy of the evidence of abandonment or whether the question with respect to abandonment should have been put to the jury. The petitioners' use prior to 1955 simply did not interfere with any rights of others. *Carter* v. *Sullivan,* 281 Mass. 217, 225. See *Perry* v. *Hewitt,* 314 Mass. 346, 350; *Ampagoomian* v. *Atamian,* 323 Mass. 319, 322. Restatement: Property, §§ 481, 486. Tiffany, Real Property (3d ed.) § 811. Compare *Delconte* v. *Salloum,* 336 Mass. 184. The city action, in making a formal taking to establish Brentwood Avenue, thus took from the petitioners substantial value existing in their driveway and caused them damage. The petitioners were not barred, by any interest of the city or of others, from seeking assessment of such damage under G. L. c. 79.

In accordance with the terms of the report, since the petitioners are not barred from recovering damages, judgment is to be entered on the verdict, with interest thereon, and with costs in favor of the petitioners.

*So ordered.*