ROGER A. TOOTHAKER, JR., & another *vs.* PLANNING
BOARD OF BILLERICA.

Middlesex.   October 11, 1963. — November 5, 1963.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Subdivision Control.*

A division of a tract of land on a plan into a large number of lots on
     many private ways, of which ways some had been partially graded and
     the others were partly covered with brush and trees, several had dead
     ends, and a number joined an unaccepted way bounding the tract, was
     a "subdivision" within G. L. c. 41, § 81L.   [437–439]
In § 81FF of the subdivision control law, G. L. c. 41, §§ 81K to 81GG,
     providing that the recording of a plan of a subdivision of unregistered
     land in the registry of deeds before the law was in effect in the town in
     which the subdivision is located does not exempt the land in the sub-
     division from the operation of the law except with respect to lots which
     had been sold and were held in separate ownership when it took effect
     and "rights of way and other easements appurtenant to such lots," the
     exception pertaining to appurtenant rights of way and easements refers
     to the substance thereof in relation to the excepted lots only and does
     not exempt any other lots from the operation of the law; nor does
     § 81FF fix the location or extent of the rights of way appurtenant to
     the excepted lots: such rights are determined by the grants thereof.
     [439]
Where it appeared that certain lots in a subdivision of a tract of land in
     a town shown on a plan, and a right of way appurtenant to each "over

Toothaker *v.* Planning Board of Billerica.

the street upon which it is located" to a public way, were exempted from the operation of the subdivision control law, G. L. c. 41, §§ 81K to 81GG, by 81FF thereof, because the plan had been recorded before the law took effect in the town and such lots had been sold and were held in ownership separate from the remainder of the tract when it took effect, the planning board of the town, in approving under the law a new subdivision plan of the tract, might apply its regulations respecting construction of ways and installation of municipal services and impose other lawful requirements, and might disregard the recorded plan, provided the board did not destroy or substantially impair the substance of the rights of way appurtenant to the exempt lots.   [440–441]

BILL IN EQUITY filed in the Superior Court on June 19, 1962.

The suit was heard by *Spring,* J.

*P. Harold Ready,* for the defendant, submitted a brief.

No argument or brief for the plaintiffs.

WHITTEMORE, J.   The planning board of the town of Billerica has appealed from the final decree in the Superior Court which ruled that "the subdivision of the petitioners' land is not subject to the 'subdivision control law' as set forth in G. L. c. 41, §§ 81K to 81GG," inserted by St. 1953, c. 674, § 7, as amended.   The case was heard on a statement of agreed facts.

The plaintiffs own approximately 1,200 lots in a subdivision of over 1,800 lots on or adjacent to two public ways, Pond Street and Salem Road.   The subdivision is shown on a plan recorded in 1914.   Twenty-three ways are shown as within the subdivision, of which six or seven have been partially graded.   The others are now partly covered with brush and trees.   All save one, which has a width of sixty feet, are fifty feet in width.   Several of the ways are shown with dead ends and a number of others have two-way access for their full length only as they join an unaccepted way which bounds the subdivision on the southeast.   Most of the lots on the plan have frontages of twenty-five feet and areas of 2,500 square feet.

The subdivision control law became effective in Billerica on March 3, 1951.   At that time 649 of the lots had been sold and were owned by others than the plaintiffs' predecessor in title who then owned all the other lots.   Some of these 649 lots are now owned by the plaintiffs.   Appur-

tenant to each of the 649 lots other than those fronting on a public way, is a right of way "over the street upon which it is located either to Pond Street or [to] Salem Road." At least one such lot is located on every way of the subdivision except four short dead-end ways at its rear.

Twenty dwelling houses have been built in the subdivision, the actual lot for each house comprising, on an average, ten of the subdivision lots. The subdivision is in a 30,000 square foot residence district zone, and the plaintiffs intend to conform to all zoning law requirements. The tract has not been registered. The building commissioner, on a ruling from the planning board, has refused permits pending compliance with the subdivision control law.[1]

General Laws c. 41, § 81O provides in part: "No person shall make a subdivision of any land in any city or town in which the subdivision control law is in effect unless he has first submitted to the planning board of such city or town for its approval a plan of such proposed subdivision, showing the lots into which such land is to be divided and the ways already existing or which are to be provided by him for furnishing access to such lots, and the planning board has approved such plan in the manner hereinafter provided. . . ."

Section 81L defines "subdivision" as "the division of a tract into two or more lots." It exempts a subdivision wherein, "at the time when it is made, every lot within the tract so divided has frontage on (a) a public way, or (b) a way shown on a plan theretofore approved in accordance with the subdivision control law, or (c) a way in existence when the subdivision control law became effective in the city or town in which the land lies, having, in the opinion of the planning board, sufficient width, suitable grades and

---

[1] General Laws c. 41, § 81Y, provides in part: "In any city or town in which the subdivision control law is in effect, the board or officer, if any, having the power and duty to issue permits for the erection of buildings shall not issue any permit for the erection of a building until first satisfied that the lot on which the building is to be erected is not within a subdivision, or that a way furnishing the access to such lot as required by the subdivision control law is shown on a plan recorded or entitled to be recorded under section eighty-one X . . .."

adequate construction to provide for the needs of vehicular traffic in relation to the proposed use of the land abutting thereon or served thereby, and for the installation of municipal services to serve such land and the buildings erected or to be erected thereon. . . .''

Section 81FF provides in part that the ''recording of the plan of a subdivision in the registry of deeds before the subdivision control law was in effect . . . shall not exempt the land within such subdivision from the operation of said law except 'with respect to lots which had been sold and were held in ownership separate from that of the remainder of the subdivision when said law went into effect . . . and *to rights of way and other easements appurtenant to such lots*'' (emphasis supplied).

The plaintiffs' tract is, plainly, a subdivision within the meaning of § 81L. Nothing in the exceptions to that definition exempts the plaintiffs' land. Nor can it be argued that the planning board lacks power under § 81O and § 81FF to regulate access to the lots of the 1914 plan. A purpose of § 81FF is to make it clear ''that plans of subdivisions [of unregistered land] in a city or town recorded prior to the going into effect of the law in such city or town shall be valid only with respect to lots held in separate ownership when the law went into effect in such city or town, and to rights of way appurtenant to such lots.'' 1953 House Doc. No. 2249 at p. 60.

At issue, therefore, is the meaning of the exemption in § 81FF of appurtenant rights of way.

We hold that the words emphasized in the foregoing quotation from § 81FF relate only to each lot sold before the subdivision control law became applicable and refer to the substance of the rights of way or easements appurtenant thereto. The words of the statute do not exempt the owners of the other lots from compliance with the subdivision control law. Nor does the statute fix the location or extent of the rights of way appurtenant to lots sold before the subdivision control law became applicable. Those rights are determined by the private grants. *Prentiss* v. *Glouces-*

*ter,* 236 Mass. 36, 52–54. *Wellwood* v. *Havrah Mishna Anshi Sphard Cemetery Corp.* 254 Mass. 350, 354–355. *Goldstein* v. *Beal,* 317 Mass. 750, 754–756. Compare *Walker* v. *E. William & Merrill C. Nutting, Inc.* 302 Mass. 535, 539–540.

Of course, both the owners and the planning board must so apply the law that the existing exempt rights of way of the lots separately owned in 1951 are not destroyed or substantially limited or interfered with. The agreed facts do not set out the precise language by which the rights of way were granted to the buyers of the lots sold "over the street upon which . . . [the lot] is located either to Pond Street or [to] Salem Road." It appears likely from this statement in the agreed facts that there is no more definition of the course of the way than is contained in a reference to the way on which the lot is located and that all that was granted in each case was a right of way to one or the other of the public ways, whichever is nearer. See *Prentiss, Wellwood,* and *Goldstein* cases, *supra.* In any event, nothing would preclude application of regulations requiring construction of ways and installation of municipal services.

Whatever the precision of definition of the private rights of way, the planning board, as a condition of approving a subdivision plan for the plaintiffs' land, may impose any lawful requirements, and may disregard the 1914 plan and its scheme except so far as regard thereto is necessary in order to leave the lots which were separately owned in 1951 with the substance of their rights of ways. For example, although there is no suggestion in the agreed facts that, apart from the lack of dead-end turning circles, the 1914 ways are too narrow, nothing in the exemption would bar a requirement of greater width for so much of a way as is not adjacent to an exempt lot. Wise planning might point to eventual widening of a way throughout its entire length by acquiring by purchase or eminent domain the necessary part of the frontage of an exempt lot.

The broad purpose of the subdivision law calls for a consistent construction of its exemption provisions. The pur-

pose is set out in G. L. c. 41, § 81M. Except only as stated, any or every aspect of this statutory purpose may be served in applying the law to the plaintiffs' land.

The final decree is reversed and a decree is to enter in the Superior Court declaring that the plaintiffs' land is subject to the subdivision control law and the lawful rules and regulations of the planning board thereunder.

*So ordered.*