EDWARD A. LeBLANC *vs.* BOARD OF APPEALS OF DANVERS & another.[1]

No. 91-P-370.

Essex. April 14, 1992. - July 7, 1992.

Present: PERRETTA, DREBEN, & PORADA, JJ.

*Zoning*, Lot, Exemption. *Subdivision Control*, Frontage on public way. *Way*, Public: subdivision control. *Statute*, Construction.

A lot on a plan recorded in 1925 with frontage on a way that is as yet unconstructed was entitled to the protection of the grandfather provision of G. L. c. 40A, § 6, with respect to increases in frontage requirements effected by later adopted zoning by-laws. [762-764]

CIVIL ACTION commenced in the Land Court Department on July 29, 1988.

The case was heard by *Peter W. Kilborn*, J., on a motion for summary judgment.

*David J. Doneski*, Assistant Town Counsel, for the defendants.

*Joel Jay Rogge* (*Alan L. Grenier* with him) for the plaintiff.

DREBEN, J. Although the plaintiff's lot, as shown on a recorded plan, fronts on a way, the portion of the way serving the lot is as yet unconstructed. This is an appeal from the entry of summary judgment for the plaintiff declaring that his lot has the requisite frontage to be protected for zoning purposes under the first sentence of the fourth paragraph of G. L. c. 40A, § 6, as appearing in St. 1975, c. 808, § 3.[2] The

---

[1]The building inspector of Danvers.

[2]That sentence reads as follows:

"Any increase in area, frontage, width, yard, or depth requirements of a zoning ordinance or by-law shall not apply to a lot for single and two-family residential use which at the time of recording

judgment reversed the decision of the board of appeals (board) which upheld the denial of a building permit by the building inspector on the ground that the lot did not meet the requirements of the town's zoning by-law. We affirm the judgment.

We take our facts from the agreed statement filed by the parties and from the decision of the judge. The lot, known as 44 Lafayette Avenue in Danvers, was created by a plan recorded in 1925. It has an area of 8,260 square feet and has fifty-six feet of frontage on Lafayette Avenue as shown on the plan. The first zoning by-law of the town took effect on July 29, 1946, and established a minimum frontage requirement of eighty feet and a minimum area of 8,000 square feet in the district in which the lot is located.

Prior to the effective date of the 1946 by-law, the lot was conveyed to James and Barbara McDermott by deed recorded May 24, 1946. During the time they owned the property, the McDermotts did not own any land adjoining the lot. By deed recorded on January 9, 1968, the McDermotts conveyed the lot to the plaintiff.[3]

In 1962, the town accepted Lafayette Avenue as a public way to a point approximately fifty-five feet short of the plaintiff's lot, and some time later, the pavement was extended approximately thirty-five feet beyond the public way to serve the lot adjoining the plaintiff's. The portion of Lafayette Avenue shown on the 1925 plan fronting on the plaintiff's lot has not been constructed.

In 1981, the plaintiff submitted a proposal to the planning board of the town for the construction of the remaining por-

---

or endorsement, whichever occurs sooner was not held in common ownership with any adjoining land, conformed to then existing requirements and had less than the proposed requirement but at least five thousand square feet of area and fifty feet of frontage."

[3]At the time of the conveyance to the plaintiff in 1968, he owned three parcels adjoining the lot at its rear boundary. The plaintiff no longer owns those lots, and the parties and the judge agreed that the only question at issue was whether the lot has the fifty feet of frontage required by the statute, note 2, supra, the lot qualifying in all other respects under the reasoning of Adamowicz v. Ipswich, 395 Mass. 757 (1985).

tion of Lafayette Avenue. The planning board approved the plan subject to two construction-related conditions and subject to obtaining a dimensional variance from the board of appeals.

The plaintiff obtained a variance in 1981,[4] the board of appeals noting that there was evidence presented "that the subject lot was created by a subdivision approximately 55 years ago and that all the adjoining lots have been developed and are being used." The board's decision which was issued prior to *Adamowicz* v. *Ipswich*, 395 Mass. 757 (1985), see note 3, *supra*, indicated that the lot was not exempt under G. L. c. 40A, § 6, "because [the plaintiff] formerly owned two adjoining lots."

Subsequent to *Adamowicz*, the plaintiff sought a ruling from the building inspector that the lot was exempt under G. L. c. 40A, § 6. The inspector denied the permit in 1988, and on appeal by the plaintiff, the denial was upheld by the board. The board reasoned that since the portion of Lafayette Avenue abutting the subject property was not constructed, it could not be considered a "street"[5] as defined in the zoning by-law and hence could not provide the requisite frontage.

The defendants take the same position on appeal as they did in the Land Court, and argue that the frontage requirements under the subdivision control law, G. L. c. 41, § 81L,[6]

---

[4]An appeal by three abutters is pending from that decision.

[5]The zoning by-law is not in evidence. See *Perini Corp.* v. *Building Inspector of N. Andover*, 7 Mass. App. Ct. 72, 78 n.9 (1979). An exhibit appended to the statement of agreed facts, a letter of assistant town counsel, purports to contain the definition of a "street" which is as follows:

"A public way, or a way shown on a plan approved by the Planning Board under the subdivision control law, or a private way which, in the opinion of the Planning Board has sufficient width, suitable grades and adequate construction to provide for the needs of a [*sic*] vehicular traffic and the installation of municipal services."

As indicated by the judge, the by-law definition, even assuming the quoted portion of the by-law is properly in evidence, does not determine the question whether the lot is grandfathered under the statute.

[6]The definition of "subdivision" in G. L. c. 41, § 81L, as amended through St. 1965, c. 61, contains exclusions which excuse a plan from sub-

for purposes of obtaining an "approval . . . not required" endorsement under G. L. c. 41, § 81P, should, by analogy, determine whether a lot is protected as a buildable lot under G. L. c. 40A, § 6. See note 2, *supra*. This argument fails to recognize that the purposes of G. L. c. 41, § 81P, and G. L. c. 40A, § 6, are different. The zoning provision "is concerned with protecting a once valid lot from being rendered unbuildable for residential purposes, assuming the lot meets modest minimum area (at least 5,000 square feet) and frontage (at least fifty feet) requirements." *Sturges* v. *Chilmark*, 380 Mass. 246, 261 (1980). On the other hand, a principal object of the subdivision control law is to "ensure efficient vehicular access to each lot in a subdivision." The "statute relieves certain divisions of land of regulation and approval by a planning board ('approval . . . not required') [where] . . . the vital access is reasonably guaranteed in another manner." *Perry* v. *Planning Bd. of Nantucket*, 15 Mass. App. Ct. 144, 151 (1983), quoting from *Gifford* v. *Planning Bd. of Nantucket*, 376 Mass. 801, 807 (1978).

Nothing in c. 40A, § 6, requires that the exclusions of § 81L be the only method of ensuring adequate access to the

---

division approval "with reference to specific objective criteria apparently chosen by the Legislature for the quality of access they normally provide." *Perry* v. *Planning Bd. of Nantucket*, 15 Mass. App. Ct. 144, 150 (1983).

The twelfth paragraph provides:

" 'Subdivision' shall mean the division of a tract of land into two or more lots . . . ; provided, however, that the division of a tract of land into two or more lots shall not be deemed to constitute a subdivision within the meaning of the subdivision control law if, at the time when it is made, every lot within the tract so divided has frontage on (*a*) a public way or a way which the clerk of the city or town certifies is maintained and used as a public way, or (*b*) a way shown on a plan theretofore approved and endorsed in accordance with the subdivision control law, or (*c*) a way in existence when the subdivision control law became effective in the city or town in which the land lies, having, in the opinion of the planning board, sufficient width, suitable grades and adequate construction to provide for the needs of vehicular traffic in relation to the proposed use of the land abutting thereon or served thereby, and for the installation of municipal services to serve such land and the buildings erected or to be erected thereon."

lot. The parties recognize that the subdivision control law is inapplicable to this lot because of G. L. c. 41, § 81FF, and, as the judge found, "[b]oth admit the right of the town to impose, as to a lot predating the subdivision control law, requirements as to the construction of ways and the installation of municipal services." See *Toothaker* v. *Planning Bd. of Billerica*, 346 Mass. 436, 440 (1963). The plaintiff concedes that he must first construct the way before the building permit is issued.

To define frontage in c. 40A, § 6, by importing the criteria of c. 41, § 81L, would not serve the purpose of "protecting a once valid lot from being rendered unbuildable." See *Sturges* v. *Chilmark*, 380 Mass. at 261. Such a construction is not necessary to insure the interests of the planning board which, as indicated above, was satisfied with the plaintiff's proposal for the road (subject to two modifications) and would needlessly and drastically reduce the value of the plaintiff's lot and his existing right of way.[7] Cf. *Toothaker* v. *Planning Bd. of Billerica*, 346 Mass. at 440. Cf. also *Jenckes* v. *Building Commr. of Brookline*, 341 Mass. 162, 164-165, 166 (1960). In sum, we agree with the judge's opinion, that "[w]here [the] plaintiff is content to abide by the town's regulations as to construction of ways, his rights as to his lot under the zoning act should not depend on the timing of construction of the way."

*Judgment affirmed.*

---

[7]The plaintiff as grantee of a lot bounded by a sufficiently designated proposed way not only has an easement in its entire length, *Murphy* v. *Mart Realty, Inc.*, 348 Mass. 675, 677-678 (1965), but also has the right to make it "passable and usable for its entire width, having due regard to the rights and interests of others . . . . The right exists even more clearly where without improvement the way is impassable and useless." *Guillet* v. *Livernois*, 297 Mass. 337, 340 (1937).